430 So.2d 1251 (1983)
STATE of Louisiana
v.
Robert GRAY.
No. 82 KA 0763.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
*1252 Ossie Brown, Dist. Atty., Baton Rouge, by William R. Weatherford, Asst. Dist. Atty., for plaintiff-appellee.
Michele Fournet, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before PONDER, SAVOIE and CRAIN, JJ.

STATEMENT OF CASE
CRAIN, Judge.
Defendant, Robert Gray, was charged by bill of information with two counts of attempted second degree murder, naming a separate victim in each count. He pled not guilty to both counts and was tried before a jury. The jury returned verdicts of guilty as to count 1 of attempted second degree murder of Alda Swanson, and guilty as to count 2 of attempted manslaughter of Calvin Nicholas. Defendant was sentenced to fifty (50) years imprisonment at hard labor on count 1, and ten (10) years imprisonment at hard labor on count 2, the sentences to be served consecutively. He now appeals the convictions and sentences on both counts, alleging three assignments of error.

FACTS
Evidence in the record reveals that the defendant, Robert Gray, entered the apartment of Ms. Alda Swanson, his children's mother, while holding a gun. When Ms. Swanson ran into her daughter's bedroom, the defendant fired one shot through the bedroom door and two shots into the room. Ms. Swanson's daughter and the daughter's boyfriend, Calvin Nicholas, were in the bedroom as was another of Ms. Swanson's smaller sons. The second and third shots hit Ms. Swanson and Mr. Nicholas, both of whom were hospitalized for several months. After the shooting, the defendant ran out of the apartment on foot and disappeared into the neighborhood. The following day, following up on information from a local resident, defendant was apprehended by a police officer. The defendant then admitted to the shooting and stated he was fed up with Ms. Swanson "lying to him and messing over him." The police officer removed a gun from the defendant and arrested him. Testimony in the record further shows that when arrested the defendant admitted that the gun was the gun that "I shot them with".

ASSIGNMENTS OF ERROR
Five assignments of error were taken originally. The first two were abandoned on appeal. The remaining three are as follows:
III. The trial court erred when it denied defendant's motion for special jury charge on criminal negligence.
IV. The trial court erred when it failed to grant defendant's motion for new trial.
V. The trial court erred when it imposed an excessive sentence.
The assignments of error will be considered individually in the order presented.

ASSIGNMENT OF ERROR NO. 3
Before closing argument, counsel for defendant requested that the trial judge give a special charge to the jury, pursuant to LSA-C.Cr.P. Article 807, defining criminal negligence and negligent injuring, together with the instruction that negligent injuring is not a responsive verdict to attempted second degree murder, and should the jury find the defendant guilty of negligent injuring, then the jury must acquit the defendant. The state argued that negligent injuring is not a responsive verdict to attempted second degree murder under LSA-C.Cr.P. Article 814; it is not pertinent to the case; it requires qualification, limitation or explanation; and therefore it need *1253 not be included in the special charges to the jury. The trial judge denied the defendant's request and refused to so instruct the jury. Defendant now argues on appeal that LSA-C.Cr.P. Article 807 requires the trial judge to give the requested instructions because they were wholly correct and pertinent to the case and that this refusal is reversible error.
State v. Marse, 365 So.2d 1319 (La.1978), established the rule that as a corollary to La.C.Cr.P. Arts. 802 and 807,[1] and in response to an otherwise proper request, the trial judge is required to charge the jury as to the law applicable to any theory of defense the jury could reasonably infer from the evidence. It is argued that here criminal negligence could be inferred from the evidence. Since a finding of criminal negligence would preclude a verdict of guilty of attempted second degree murder, or attempted manslaughter, that instruction should have been given as a legitimate defense to the charge.
The court in Marse further held, however, that, although there was some evidence of negligent homicide in the record, the failure to give the requested charge did not constitute reversible error because the jury had sufficient information to understand that, if the defendant was only guilty of negligent homicide, it should return a verdict of not guilty to the charge to crime of murder. The same is true here.
In the record before us on appeal, we find sufficient evidence that the jury had enough information without the special jury charge to understand that, should it find the defendant was only guilty of criminal negligence, the jury should return a verdict of not guilty to attempted second degree murder. The trial judge gave instructions during the general charge to the jury regarding the element of specific intent required on the part of defendant in order to find him guilty of attempted second degree murder. During her closing argument, defense counsel explained the crime of negligent injuring. Defense counsel throughout the trial strenuously argued that her client's conduct amounted only to criminal negligence and consequently would not support a verdict on a charge requiring specific intent. Although there is evidence in the record that criminal negligence, defined at LSA-R.S. 14:12,[2] could be found by the jury, defendant has not shown that any prejudice has resulted to the defendant by the judge's refusal to give the special instruction. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant urges that the trial court erred when it failed to grant defendant's motion for new trial. He argues that the evidence adduced at his trial is legally insufficient to support his conviction of attempted manslaughter on count 2 and, therefore, is contrary to the law and evidence.
LSA-C.Cr.P. Article 851(1) reads in pertinent part as follows:
"... The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;"...
*1254 Where sufficiency of the evidence is raised by motion for a new trial, due process requires the reviewing court to ascertain whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, accepting the facts in the light most favorable to the prosecution. See Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981); State v. Edwards, 400 So.2d 1370 (La.1981).
Defendant was convicted of attempted manslaughter. The crime of manslaughter is defined in LSA-R.S. 14:31 as follows:
"Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed; or
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration or any felony not enumerated in Articles 30 or 30.1, or of any intentional misdemeanor directly affecting the person; or
(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under Articles 30 or 30.1.
Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years."
Louisiana Criminal Code defines "attempt" at LSA-R.S. 14:27, which reads in pertinent part as follows:
"27. Attempt
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether under the circumstances, he would have actually accomplished his purpose." ...
The evidence in the record indicates that the defendant entered his girlfriend's apartment with a gun and started shooting. He later made statements to the arresting officers admitting to the shooting because he was fed up with Ms. Swanson "messing over him and lying to him and decided to do something about it". Each witness for the prosecution testified that the defendant had been at Ms. Swanson's apartment earlier and had returned with a gun and fired three shots into the bedroom where Ms. Swanson had run with full knowledge that there were other persons present, specifically another male, Calvin Nicholas, who was also shot. This evidence shows both directly and circumstantially that the defendant, although he might not have intended to cause death or great bodily harm to Calvin Nicholas, and although he might not have been specifically provoked by Calvin Nicholas, at least could be found to have been engaged in an intentional misdemeanor affecting the person of Calvin Nicholas. La. R.S. 14:31(2)(b). From this evidence, the jury could validly conclude beyond a reasonable doubt that defendant committed the offense of attempted manslaughter.
Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends that the sentences of fifty years at hard labor on a conviction of attempted second degree murder and of ten years at hard labor on a conviction of attempted manslaughter, with the sentences to be served consecutively, are excessive. The maximum penalty for attempted second degree murder is fifty years imprisonment; the maximum penalty for attempted manslaughter is ten and one-half years imprisonment. LSA-R.S. 14:27, 30.1, 31.
*1255 LSA-C.Cr.P. Article 883 reads in pertinent part as follows:
"If the defendant is convicted on two or more offenses based on the same act or transaction or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively." ...
The defendant argues that his sentences are excessive because (1) sentences for the two counts were imposed consecutively and not concurrently as determined in LSA-C.Cr.P. 883, supra, and (2) the sentencing judge failed to articulate his reasons for imposing the consecutive sentences so that the reviewing court is denied an adequate record for determining the excessiveness of such sentences.
Upon examining the record we find the trial judge gave reasons for sentencing at Tr. pp. 166-168 which reasons conform to the guidelines set forth in LSA-C.Cr.P. 894.1A(1), (2) and (3). The trial court further noted the aggravating facts, as suggested by LSA-C.Cr.P. 894.1B, which he considered in imposing sentence, which facts include defendant's three felony convictions, including one prior to the present two, defendant's violation of parole, and the near loss of lives in the two instances for which defendant was found guilty. Although the trial judge did not specifically enumerate the mitigating considerations suggested under LSA-C.Cr.P. 894.1B(1) through (11), we find that the testimony reveals that no evidence was entered at trial upon which the trial judge could base such considerations. See State v. Douglas, 389 So.2d 1263 (La.1980).
Consecutive sentences for convictions arising out of a single course of conduct are not necessarily excessive, and other factors must be considered. State v. Molinario, 400 So.2d 596 (La.1981). Although the imposition of a sentence within statutory limits may violate defendant's constitutional rights against excessive punishment, the trial judge has wide discretion in imposition of sentences subject only to the constitutional limitations on excessive sentences, and sentences will not be set aside as excessive absent manifest abuse of discretion. State v. Donahue, 408 So.2d 1262 (La.1982); State v. Meredith, 400 So.2d 580 (La.1981). We find the sentences imposed are not an abuse of the much discretion granted to a trial judge.
Assignment of Error No. 5 is without merit.
The convictions and sentences appealed from are affirmed. The defendant is to pay all costs.
AFFIRMED.
NOTES
[1] C.Cr.P. Art. 802 provides in pertinent part the following:

"The court shall charge the jury:
(1) As to the law applicable to the case;" ... C.Cr.P. Art. 807 provides:
"The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
[2] LSA-R.S. 14:12 provides:

"Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances."