STEWART, Judge.
Defendant, Steve Eugene Wallace, was charged by bill of information with hit-and-run driving, in violation of LSA-R.S. 14:100(C)(2). Wallace was convicted as charged and sentenced to five years at hard labor, with credit for time served.
On appeal, Wallace appeals both his conviction and sentence, challenging the admissibility of certain expert witness testimony, jury instructions and verdict forms, and excessiveness of the sentence. We affirm.
FACTS
On April 22, 1990, Wallace met friends at the Somewhere Else Club in Monroe, Louisiana. Wallace consumed five and one-half beers and left the bar at approximately 4:00 a.m. on April 23, 1990.
About one-quarter mile east of the club, at the intersection of Eleventh and Washington streets, Wallace struck something with his vehicle. Wallace looked back and contends he saw only several aluminum cans scattered over the road. He concluded he had struck a large garbage can, so he proceeded home.
Minutes later, some other patrons of the club, also traveling on Washington Street noticed something in the street. They stopped to inspect and discovered a severely injured man on the ground near his bicycle. They immediately called the police and an ambulance. The ambulance arrived and transported the victim to St. Francis Hospital in Monroe, where he was pronounced dead.
The police investigation team collected scrapings of white paint from the victim’s bike and clothing, glass from a headlight and rear view mirror, and pieces of a plastic grill. The investigation team partially pieced the headlight together and determined the type of headlight. They then contacted several auto parts dealers and learned that the headlight had come from a 1977 General Motors or Ford pickup truck.
The police searched for a 1977 General Motors or Ford pickup and on April 24, 1990, they discovered Wallace’s truck which fit the description. A piece of the grill found at the crime scene matched Wallace’s broken grill, and the white paint scraping taken from the victim’s bike and clothing matched the white paint on Wallace’s truck. The police impounded Wallace’s truck. Later that evening, on April 24, 1990, Wallace came into the Monroe police station and voluntarily gave the police a taped statement relating his recollection of the events of April 22 and 23, 1990.
Wallace was tried and found guilty as charged by a six-person jury of hit-and-run driving, in violation of LSA-R.S. 14:100(C)(2). Wallace was sentenced to five years at hard labor, with credit for time served.
On appeal, Wallace contends the trial court erred by: (1) permitting Ray Herd, the state’s expert witness, to testify as to whether the defendant knew or should have known that he caused death or great bodily harm at the time of the accident; (2) permitting Ray Herd to testify about the defendant’s seeing the victim immediately prior to or at the time of the accident; (3) failing to instruct the jury on all responsive verdicts in accordance with LSA-C.Cr.P. Art. 815; (4) failing to provide the jury with a proper verdict form containing all responsive verdicts as required by LSA-C.Cr.P. Art. 809; (5) sentencing the defendant to an excessive sentence; (6) failing to follow the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1.
We disagree.
*298 ASSIGNMENTS OF ERROR NOS. 1, 2, 3, and 4
In Assignment of Errors Nos. 1, and 2, Wallace contends that the trial court erred in allowing Ray Herd, the state’s expert witness, to testify about Wallace being able to see the victim, and that Wallace knew or should have known that death or serious bodily injury had occurred. Wallace argues that Herd’s testimony impermissibly invaded the province of the jury on ultimate issues of the case resulting in reversible error.
In Assignment of Error Nos. 3 and 4, Wallace contends that the trial court erred by failing to instruct the jury on all the responsive verdicts in accordance with LSA-C.Cr.P. Art. 815. Wallace also contends the trial court erred by not including misdemeanor hit and run as a responsive verdict to the crime charged on the verdict form, in violation of LSA-C.Cr.P. Art. 809.
The record indicates that both the defense counsel and the state were provided a copy of the court’s proposed charge to the jury. Both the state and defense reviewed and inspected the proposed jury charge. Neither the state nor the defense made any objections to the proposed charge nor did the defense offer an alternative jury charge. However, Wallace argues that even in the absence of a contemporaneous objection to the jury charge, the failure of the trial judge to instruct the jury on the lesser and included misdemeanor hit and run charge is reversible error in accordance with LSA-C.Cr.P. Art. 815.
In State v. Wright, 598 So.2d 493 (La.App. 2d Cir.1992), the defendant was charged with possession of an illegal firearm, in violation of LSA-R.S. 40:1785 and illegal possession of stolen things, in violation of LSA-R.S. 14:69. At trial, the defendant was found guilty of possession of an illegal firearm and attempted illegal possession of stolen things. The defendant appealed. On appeal, the defendant raised the issue of ineffective assistance of counsel because his trial counsel failed to object to the responsive verdicts given by the trial judge.
A panel of this court reversed Wright’s conviction for possession of an illegal firearm and held that Wright satisfied the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), ineffective counsel test because his trial counsel's failure to object to the responsive verdicts given by the trial judge probably affected the jury’s verdict. Upon finding the ineffective counsel claim to have been briefed by both sides as an assigned error and the record otherwise sufficient for appellate review, the panel decided the issue on appeal rather than defer it to post-conviction relief review.
We distinguish the Wright case based on its unique factual circumstances. Wallace has not assigned as error ineffective assistance of counsel nor was this issue briefed by either side. At oral argument, appellate defense counsel sought to adopt the Wright holding in support of assignments 3 and 4, however we are not so persuaded. We find any such ineffective counsel claim as may result from this record to be more properly the subject of post-conviction relief review. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Shepherd, 566 So.2d 1127 (La.App. 2d Cir.1990); State v. Mims, 552 So.2d 664 (La.App. 2d Cir.1989).
In our review of the record, we find that Wallace failed to preserve assignments 1 through 4 for appeal because no contemporaneous objections were made with regard to these assignments of error.
Contemporaneous objections are required in order to preserve the alleged error on appeal. LSA-C.Cr.P. Art. 841, at the time of this trial, provided:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires to take, or of his objections to the action of the court, and the grounds therefor.
*299 The requirement of an objection shall not apply to the court’s ruling on any written motion.
The contemporaneous objection rule of LSA-C.Cr.P. Art. 841 is necessary in order to promote judicial efficiency and in order to prevent a defendant from gambling for a favorable verdict and then, upon conviction, resorting to appeal on errors that might easily have been corrected at trial. State v. Marcell, 320 So.2d 195 (La.1975).
Wallace’s failure to make any contemporaneous objections waives his complaints on appeal. State v. Vanderhoff, 415 So.2d 190 (La.1982); LSA-C.Cr.P. Art. 841. These assignments lack merit.
ASSIGNMENTS OF ERROR NOS. 5 and 6
Wallace contends that his sentence is excessive and that the trial judge failed to adequately comply with the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988).
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Mims, 550 So.2d 760 (La.App. 2d Cir.1989); State v. Hudgins, supra.
In the instant case, the trial judge adequately considered the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1. The trial judge noted that Wallace’s conduct caused a serious loss to the victim and his family, and that Wallace lacked any remorse and assumed no responsibility for the victim’s death. The trial judge further noted that Wallace was convicted in 1975 of driving while intoxicated and carrying a concealed weapon, in 1979 of inspection ticket violation and contempt of court, in 1981 of simple possession of marijuana which was reduced from distribution of marijuana, in 1988 of driving while intoxicated, and in 1990 of the present offense, hit-and-run driving.
The trial judge concluded that Wallace was in need of incarceration and that any lesser sentence would deprecate from the seriousness of the crime.
The trial judge concluded that the mitigating factors were outweighed by Wallace’s continuous use of alcohol and by the loss of life in the instant offense. We find *300 that, in considering the defendant’s prior record, his use of alcohol, and the loss of life, the five-year hard labor sentence was justified and not excessive. Therefore, the trial judge did not abuse his discretion in imposing this five-year hard labor sentence. These assignments lack merit.
CONCLUSION
For the foregoing reasons, Wallace’s assignments of error are meritless and his conviction and sentence are affirmed.
AFFIRMED.