606 So.2d 1387 (1992)
STATE of Louisiana, Appellee,
v.
Eric T. WILLIAMS, Appellant.
No. 24103-KA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1992.
*1388 Teat & Avery by Darrell R. Avery, Jonesboro, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Walter May, Dist. Atty., John Michael Ruddick and James R. Hatch, Asst. Dist. Attys., Homer, for appellee.
Before SEXTON, LINDSAY and BROWN, JJ.
LINDSAY, Judge.
The defendant, Eric T. Williams, appeals his conviction for second degree murder. For the following reasons, we reverse the conviction and remand for further proceedings.

FACTS
On the evening of May 1, 1991, the defendant and a friend, Chris Robinson, drove to the home of Lisa Webb. Several persons were standing in the yard of Ms. Webb's residence, including Desmian Demond Willis. The defendant exited his vehicle and walked into the yard. As the defendant approached, Mr. Willis struck the defendant in the face, knocking him to the ground. Several persons helped the defendant get up. The defendant then returned to his vehicle and retrieved a 9 millimeter handgun.
The defendant reentered the yard and walked up to Desmian Willis. Conflicting testimony was offered as to what then transpired. Some witnesses testified that the defendant walked up to Mr. Willis and fired the gun, striking him in the chest. Some witnesses testified that Mr. Willis grabbed for the gun, which discharged. Some witnesses testified that a "tussle" ensued between the two men prior to the gunshot. The defendant told one witness that he thought that the gun was on safety when he reentered the yard.
In spite of these discrepancies, it is clear that the defendant's gun was fired, the bullet striking the victim in the chest. The victim died as a result of the gunshot wound. After the shooting, the defendant and his companion drove to the police station where the defendant turned himself in to law enforcement officials.
The defendant was arrested and subsequently indicted for the second degree murder *1389 of Desmian Demond Willis. The defendant was tried by jury in September 1991 and found guilty as charged. Thereafter, the court imposed the mandatory sentence for second degree murder, life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
The defendant appeals his conviction, asserting numerous assignments of error, including an argument that the trial court erred in refusing to instruct the jury regarding the law on negligent homicide. Because we find that the trial court committed reversible error in failing to instruct the jury regarding negligent homicide, we do not reach consideration of other arguments made by the defendant.

JURY INSTRUCTIONS
The defendant argues the trial court erred in refusing to instruct the jury on the law of negligent homicide. In his requested special jury instructions, the defendant asked the trial court to instruct the jury as follows:
1. Negligent homicide is the killing of a human being by criminal negligence.
2. Criminal negligence exists when, although neither specific or general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by reasonably careful man under like circumstances.
The trial court refused to give these special charges, finding that the charges were not supported by the evidence. We find that the trial court erred in refusing to give the requested instructions.
LSA-C.Cr.P. Art. 807 provides in pertinent part:
The state and the defendant shall have the right before argument to submit to the court special written charges for the jury....
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
LSA-C.Cr.P. Art. 802 provides that the court shall charge the jury as to the law applicable to the case. This article obligates the trial court to charge the jury, when properly requested, as to the law applicable to any theory of defense which the jurors could reasonably infer from the evidence. State v. Johnson, 438 So.2d 1091 (La.1983); State v. Jackson, 450 So.2d 621 (La.1984); State v. Marse, 365 So.2d 1319 (La.1978).
Under LSA-C.Cr.P. Art. 814, negligent homicide is not a responsive verdict to second degree murder. However, in cases involving various grades of murder, such as first degree murder, second degree murder, or manslaughter, when there is evidence from which the jury can infer that the defendant is guilty of negligent homicide, the trial court should charge the jury with the defendant's requested special charges on the law of negligent homicide. State v. Vergo, 594 So.2d 1360 (La.App. 2d Cir.1992); State v. Gray, 430 So.2d 1251 (La.App. 1st Cir.1983).
In the present case, there is some evidence from which the jury could infer the existence of negligent homicide. The defendant points out that at trial, two witnesses, Terrence Grider and Grady McDaniel, testified that the victim and the defendant "tussled" just prior to the gunshot. Also, Chris Robinson testified that immediately after the shooting, the defendant told him that he thought that the safety was on the gun. Another witness, Chris Turner, testified that the victim reached for the gun before it discharged. These factors lend some support to a finding of negligent homicide. Therefore, the trial court should have given the defendant's requested negligent homicide instruction.
Even if a negligent homicide instruction is indicated, the omission of such *1390 an instruction may be harmless error. The failure to give such an instruction is prejudicial only if the jury has insufficient information to understand that if the defendant was guilty only of negligent homicide, it should find him not guilty of the charged offense. State v. Gray, supra; State v. Lloyd, 535 So.2d 885 (La.App. 2d Cir.1988), writ granted in part on other grounds, 538 So.2d 584 (La.1989). However, when these principles are applied to the facts of this case, we find that the error committed by the trial court was not harmless, but rather was prejudicial and requires reversal.
Here, the jury did not have before it sufficient information to understand that if the defendant was guilty only of negligent homicide, it should find him not guilty of the charged offense. The trial court instructed the jury as to the law regarding specific and general criminal intent. The jury was instructed on the law regarding second degree murder and was instructed that manslaughter was a responsive verdict to a charge of second degree murder. However, the instruction given the jury on manslaughter contained only that portion of manslaughter dealing with intentional killings committed in the heat of blood.[1] At no point was the law regarding negligent homicide explained to the jury, either in the charge to the jury, or through the argument of counsel.[2]
See and compare the factual circumstances in State v. Marse, supra and State v. Gray, 430 So.2d 1251 (La.App. 1st Cir. 1983), in which the Supreme Court and the First Circuit Court of Appeal, respectively, found that negligent homicide was a defense the jury could have reasonably inferred from the evidence and, therefore, a negligent homicide instruction should have been given. The convictions in those cases were not reversed, however, because the appellate courts found that the failure to give the negligent homicide instruction was harmless error. In Marse, supra, and Gray, supra, the courts stated that the jury had enough information, without the special jury charge, to understand that if the defendant was only guilty of criminal negligence, the jury should return a verdict of not guilty to second degree murder. In those cases, this information was conveyed to the jury by the trial court instructions and arguments of defense counsel. Those cases are distinguishable from the present case because those factors (trial court instructions and counsel's argument)[3] are not present here.
In the instant case, it appears that the trial court chose to discount the testimony regarding the discharge of the weapon when the victim reached for it, a tussle between the defendant and the victim during which the weapon discharged and the defendant's belief that the safety on the gun was engaged. By discounting this testimony, the trial court concluded that the facts did not support an inference from which the jury could find negligent homicide. However, this was a factual determination to be made, not by the trial court, but by the jury in light of the credibility of *1391 the witnesses and the entirety of the circumstances surrounding the case. In making an improper assessment as to credibility and making its own finding of fact, the trial court usurped the fact finding function of the jury. Where a theory of the defense is arguably supported by the evidence, such an instruction concerning the law applicable to that aspect of the case should be given, whether believed by the judge or not. See and compare State v. Miller, 338 So.2d 678 (La.1976), dealing with the defense of justification, and cases cited therein.
As stated above, the evidence supported the giving of an instruction on negligent homicide. However, it is important to note that, in finding that the evidence supported the giving of such an instruction, we are not ruling that this was the proper verdict. Such a determination must be made by the jury after being given proper instructions by the trial court.
Because the trial court failed to instruct the jury on the law of negligent homicide, the defendant was prejudiced. Therefore, the defendant's conviction must be reversed. However, double jeopardy does not preclude the state from retrying a defendant whose conviction is set aside because of judicial error. State v. Mayeaux, 498 So.2d 701 (La.1986).

CONCLUSION
For the reasons stated above, we reverse the conviction and sentence of the defendant, Eric T. Williams, and remand the case to the trial court for further proceedings.
REVERSED, AND REMANDED TO THE TRIAL COURT.
NOTES
[1] Although the defendant argued at trial that he did not have the specific intent to kill, the trial court gave no instruction regarding manslaughter as an unintentional killing during the commission of certain felonies or misdemeanors under LSA-R.S. 14:31(2). However, the defendant did not ask for an instruction under LSA-R.S. 14:31(2), nor did he object to the failure of the trial court to give such an instruction, thus waiving any objection that might have been raised. State v. Wallace, 602 So.2d 296 (La.App. 2d Cir.1992); State v. Wright, 598 So.2d 493 (La.App. 2d Cir.1992). If a trial court gives an instruction under 14:31(2), then a negligent homicide instruction may not be required. See State v. Tompkins, 403 So.2d 644 (La.1981).
[2] Defense counsel argued that there could be no specific intent if the defendant was negligent. However, the concept of negligent homicide was not argued to the jury or charged by the court. It cannot be determined from the record whether defense counsel chose not to argue the case in the posture of negligent homicide or whether he was prevented from doing so by the trial court.
[3] See footnote 2.