BROWN, Chief Judge.
|,Defendant, William Allen Fontenot, pled guilty to hit-and-run driving resulting *1216 in a death, a violation of La. R.S. 14:100(0(2), which provides that:
Whoever commits the crime of hit-and-run driving, when death or serious bodily injury is a direct result of the accident and when the driver knew or should have known that death or serious bodily injury has occurred, shall be fined not more than five thousand dollars or imprisoned with or without hard labor for not more than ten years, or both.
The trial court sentenced Fontenot to serve nine years’ imprisonment at hard labor, to run concurrently with any other sentence and with credit for time served. On appeal, Fontenot contends that the sentence imposed by the trial court is excessive and violative of Art. 1, § 20 of the Louisiana Constitution of 1974. He also contends that the trial judge failed to comply with La. C. Cr. P. art. 894.1, which provides guidelines to be followed by the trial judge in imposing sentence. Specifically, section C of art. 894.1 provides that “The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” Our careful review of the record convinces us that it is necessary to remand this case to the trial court for compliance with La. C. Cr. P. art. 894.1. As such, we do not reach the issue of excessiveness of the sentence imposed. We vacate defendant’s sentence, order the trial court to conduct a presentence investigation, and remand for resentencing.

Facts

On the night of September 13, 2013, while operating a pickup truck, defendant struck and killed Kimberly Bickham, a mother of two who was 37 years old. At the time she was struck, Ms. Bickham was sitting cross j 2legged in the middle of Dawson Road, a rural parish road, drinking beer and text messaging on her cell phone. After hitting Ms. Bickham, defendant continued driving to his residence, approximately 200 yards down the road, where he remained until he was contacted by sheriffs deputies two hours later. According to his statements to the deputies, defendant thought he hit a dog.
Upon being contacted, defendant fully cooperated with the deputies, answered their questions and submitted -to chemical testing. In particular, defendant informed the deputies that he had a beer or two earlier in the day and that he was on a few prescribed medications. A preliminary examination was held wherein a deputy stated that defendant’s blood alcohol content registered at .000% or no alcohol, but his blood did test positive for THC, THC metabolites and Xanax; however, no toxicology report was put in the record and the record is inconclusive as to the amount, time and proximity that these were consumed. Other than driving the 200 yards to his residence, defendant did not try to flee or conceal any evidence of the accident-strands of hair and blood were located on the front license plate holder of the pickup truck defendant was driving.
On November 13, 2013, defendant was charged by bill of information with hit-and-run driving that resulted in a death. On January 15, 2014, he pled guilty with an agreement of not being billed as a habitual offender.
Sentencing was held on February 10, 2014. Prior to sentencing, the state submitted letters from the deceased’s family that the trial court considered when sentencing defendant. Likewise, defendant prepared a [.^written statement and apologized for the accident in open court. Thereafter, the court proceeded to sen *1217 tence defendant to the near maximum, nine years at hard labor. Credit for time served was given. In addition, the court sentenced the defendant to 30 days in lieu of court costs, concurrently, with credit for time served.
Defendant filed a motion to reconsider sentence, which was denied. Defendant now appeals.

Discussion

Defendant contends that the nine-year sentence imposed in this case is excessive and punitive and will not achieve any goals of rehabilitating him. He asserts that he expressed remorse and accepted responsibility for his role in this tragedy. In addition, he argues that the trial court improperly speculated on the cause of the accident itself and failed to take into account any mitigating circumstances in his favor.
At sentencing, the trial court made the following statement:
This is. a very tragic situation, and I’m very sorry that it happened. Looking at the facts of the situation, it appears as though the victim was sitting in the middle of the road. The defendant in this particular case was driving a motor vehicle down that road. Why the defendant did not see the victim in this particular situation, I’m not sure.
Often we drive and we do a number of things while we’re driving, while the vehicle is a very dangerous thing, and often many people are tragically killed because of motor vehicles. In this particular case, the victim was sitting in the middle of the road. The defendant was driving down the street. The defendant did not see the victim and he subsequently hit the victim and the victim died. (Emphasis added).
The defendant did not see the victim possibly for a number of reasons, one he was not paying attention to the road as you’re required to do as you’re driving a motor vehicle.
|4I’m not sure why you were distracted from the road. I recall the preliminary examination. I do not recall that the victim was sitting in a curve. To my knowledge and recollection, this was — it was a dark road, but simply was a straight road and the defendant should have seen the victim sitting in the road.
It’s been called to my attention in some of the reports and from the letter, I believe, of the mother of the victim that someone else saw the victim and was able to go around the victim and I believe saw another vehicle coming and attempted to circle back to try to prevent the accident from happening.
But for whatever reason, the defendant did not see the victim and subsequently ran over her. I believe there’s some type of report that indicates that there were some type of drugs in the system of the defendant; at least there was some consumption of alcohol or something of that nature. Was he impaired while he was driving that prevented him from seeing the victim? I’m not really sure, but in the Court’s opinion, the defendant should have seen the victim sitting in the middle of the road. (Emphasis added).
Had the victim been sitting on the side of the road, that may have been a different story; however, because of the totality of the circumstances. I’ve taken into consideration the criminal history of the defendant, the Court will impose a sentence of nine years hard labor to run concurrently with any other sentence he’s required to serve.
*1218 Generally, the reviewing court must determine whether the trial judge adequately complied with the guidelines set forth in La. C. Cr. P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Marshall, 94-0461 (La.09/05/95), 660 So.2d 819; State v. Linnear, 44,830 (La.App.2d Cir.12/09/09), 26 So.3d 303. If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case. State v. Lobato, 603 So.2d 739 (La.1992); State v. Linnear, supra. The articulation of the factual basis for the sentence is the goal of Article 894.1, not rigid or | ¡^mechanical compliance with its provisions; and, where the record clearly shows an adequate factual basis for the sentence, resentencing is unnecessary even where there has not been full compliance with Article 894.1. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259, writ denied, 08-2341 (La.05/15/09), 8 So.3d 581. A sentence violates La. Const, art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166.
In the case sub judice, no presentence investigation was done and the trial court’s recitation of the facts and circumstances surrounding the accident are replete with speculation and conjecture. The trial court speculates that defendant was possibly distracted or impaired. The trial court recounts the fact that another motorist had seen the victim in the street and gone around her to support its belief that defendant should have seen the victim sitting in the middle of the road. However, that motorist, Ricardo Spencer, first saw Ms. Bickham near the roadway when he dropped his mother off at her residence on Dawson Road. When he first drove past Ms. | Bickham, she stood up and got out of the roadway so that he could pass through. It was on Mr. Spencer’s second pass through that she remained seated in the roadway forcing him to the side of the road in order to proceed past her. On this pass by, which the trial court refers to in opining that defendant should have seen Ms. Bickham, Mr. Spencer already knew that she was sitting in the middle of the street. Mr. Spencer stated that when he saw defendant’s truck passing him heading in the direction of the victim he “looked in his mirror and knew the truck was going to hit the female?”[1]
The trial court sentenced defendant to the near maximum sentence allowed based upon its belief that he should have seen Ms. Bickham in the roadway. The crime for which defendant was charged and convicted, however, was for what transpired *1219 after the accident occurred, i.e., his intentional failure to stop and render aid. Defendant maintained at the time and through his guilty plea that he did not know that he had struck the victim. At the plea colloquy the following exchange occurred:
The Court: All right. Will the DA state the facts. Please listen and tell me if they are true.
[DA]: The State of Louisiana charges that on or about September 13th, 2013, William Allen Fontenot committed the offense of hit-and-run driving in that he operated a motor vehicle involved in or causing an accident when a death was a direct result of an accident, the death of Ms. Kimberly Bick-ham, where he knew or should have known that death or serious bodily injury had occurred and he intentionally failed to stop such vehicle at the scene of the accident to give his identity Land to render reasonable aid. These events happened in Caddo Parish.[2]
The Court: Are those facts true?
Defendant: I didn’t know I hit a lady in the road. I mean—
If defendant neither saw the victim prior to striking her nor knew that he had even hit someone, as he always maintained, and if he was not impaired, then his lack of actual or constructive knowledge could, at a minimum, be considered a mitigating factor. Defendant pled guilty to take responsibility for his actions in the cause of the accident and to avoid being sentenced as a habitual offender. Whether he truly acknowledged that he was in fact guilty of hit and run driving is not without question.[3] Regardless, defendant’s guilty plea does not absolve the trial court from considering mitigating factors in its sentencing.
Defendant cites various cases where lesser sentences have been affirmed for the crime of hit-and-run driving where death resulted. He cites State v. Bowers, 42,390 (La.App.2d Cir.2007), 965 So.2d 959, where the defendant, who was a fourth-felony offender, received a five-year sentence for hit-and-run driving wherein he fled the scene and was not located until a week later.
Defendant further cites State v. Wallace, 602 So.2d 296 (La.App. 2d Cir.1992), where the defendant received a five-year sentence for hitting and fatally injuring a victim riding a bike along the roadway after the defendant had consumed five and one-half beers. In Wallace, evidence was presented to prove that the defendant knew or should have known that death or serious bodily injury had occurred as a result of the accident. The defendant in Wallace also lacked remorse, took no responsibility for the crime, and had an extensive criminal history.
Defendant took responsibility and expressed remorse for his part in the acci *1220 dent. He maintained throughout that the did not know that he struck a person. He drove approximately 200 yards from the scene of the accident to where he resided, parked the truck, and remained there until he was contacted by the authorities. He did not try to flee or conceal any evidence. He was fully cooperative. While all of these factors could have been considered by the trial court, none seem to have been.
We recognize that defendant has had some encounters with the police, a fact that the trial court heavily relied upon in its sentencing. Many of those encounters, however, were traffic incidents and other misdemeanors. The record does not adequately reflect defendant’s criminal history and the dispositions of his arrests. It appears from our review that the longest period defendant served in jail was three months on a theft charge. Sentence imposed on a basis of assumption concerning defendant’s criminal record is inconsistent with due process of law. In addition, we note that defendant has a prior DWI and a number of misdemeanor drug 1possession charges. Whether drugs or alcohol had any role in this tragic accident is inconclusive as the toxicology test results are not in the record. All we know, from testimony at the preliminary examination, is that defendant had a blood alcohol content of .000% and that his blood tested positive for THC, THC metabolites and Xanax. We do not know, however, whether defendant was criminally under the influence of drugs on the night of the accident, or if he had possibly consumed those drugs days before the accident. These facts might have bearing on this case and defendant’s sentence. The trial court used defendant’s possible impairment as an aggravating factor in sentencing him, yet we note that he was not charged with driving while intoxicated.
The questions that arise relative to defendant’s criminal record and his use of alcohol and drugs are ones that we are unable to answer based upon our review of the record. The trial court, which seemingly used defendant’s criminal record, possible impairment, and its belief that defendant should have seen the victim as aggravating factors in its sentencing, likewise was operating with a very thin set of facts. To rely upon this as a factual basis to sentence defendant to an almost maximum sentence was erroneous, especially when coupled with the fact that the trial court ostensibly failed to consider any mitigating and/or contributory factors. Accordingly, we vacate defendant’s sentence and remand for resentencing. Furthermore, we find that it would be prudent for the trial court to request a presentence investigation prior to resentencing defendant and, as such, order it to do so.
| inConclusion
For the foregoing reasons, defendant’s sentence is vacated and this matter is remanded for resentencing.

. Neither Mr. Spencer nor another motorist, both of whom saw the victim sitting in the road before the accident and both of whom subsequently saw the victim lying in the road in a pool of blood after the accident, was present at the scene when emergency personnel arrived. Both witnesses had to be located by sheriff's deputies for a statement. The record is also void of any evidence that either even reported the accident before leaving the scene.

. In stating a factual basis for the case, the Assistant D.A. basically read the hit-and-run statute. This was inadequate. The statement contained no reference to any proof showing defendant's guilt.

. When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for the plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, constitutional due process requires the record to contain "strong evidence of actual guilt” or, as it is often phrased, a significant factual basis for the defendant's plea. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).