PITMAN, J.
| ^Defendant William Allen Fontenot pled guilty to hit-and-run driving resulting in a death. The trial court sentenced him to nine years at hard labor. Defendant appealed. This court vacated his sentence for noncompliance with La. C. Cr. P. art. 894.1 and remanded for resentencing. The trial court again sentenced Defendant to nine years at hard labor and to 30 days in parish jail in lieu of paying court costs. Defendant appeals, arguing that the sentence is excessive. For the following reasons, we amend Defendant’s sentence to vacate the portion ordering jail time in default of payment of court costs and affirm his sentence as amended.
FACTS
On November 13, 2013, the state filed a bill of information charging Defendant with hit-and-run driving in that, on September 13, 2013, he operated a motor vehicle involved in or causing an accident, when a death was a direct result of the accident. The state alleged that Defendant knew or should have known that death or serious bodily injury had occurred and that he intentionally failed to stop his vehicle at the scene of the accident, to give his identity and to render reasonable aid. On January 15, 2014, Defendant pled guilty to the charge, and the state agreed that it would not file a bill charging him as a habitual offender. On February 10, 2015, the trial court sentenced Defendant to nine years at hard labor and to 30 days in lieu of paying court costs and stated that the sentences were to run concurrently. Défendant appealed, arguing that the sentence was excessive.
On appeal, this court determined that the trial court failed to consider any mitigating and/or contributory factors when determining Defendant’s sentence and, thex-efore, did not comply with La. C. Cr. P. art. 894.1. State v. Fontenot, 49,835 (La.App. 2d Cir. 5/27/15), 166 So. 3d 1215. Accordingly, this court vacated Defendant’s sentence, ordered the trial court to conduct a presentence investigation (“PSI”) and remanded for resentencing. Id.
On July 6, 2015, the trial court ordered a PSI report.
On November 9, 2015, the state filed a supplemental response to Defendant’s motion for discovery. The state included an email to the trial corni from a friend of the victim; a lab report from AIT Laboratories; and a letter to the trial court from Lt. Michael Wayne Gray of the Caddo Parish Sheriffs Office. On December 8, 2015, Defendant filed a motion in limine and argued that the lab report and the letter from Lt. Gray should not be entered as evidence into the record or considered in sentencing.
A sentencing hearing was held on December 8, 2015. Counsel for the state and Defendant provided arguments regarding the motion in limine. Although the trial court did not make a formal ruling on the motion in limine, it noted that it did not *1239 consider the documents Defendant sought to exclude. The trial court noted that it reviewed the PSI report. It considered the factors listed in La. C. Cr. P. art. 894.1 and found that Defendant was in need of correctional treatment and a custodial environment and that a lesser sentence would deprecate the seriousness of the offense. It also noted that Defendant tested positive for THC at the time of the accident and that two other vehicles were able to maneuver around the victim. It considered Defendant’s criminal history and the seriousness of the offense. As a mitigating factor, it stated that the victim was sitting on a dark road and texting or consuming a beer. It sentenced Defendant to nine years at hard labor, to be served concurrently with any other sentence, and also to 30 days in the parish jail in lieu of court costs, to be served concurrently with the | snine-year sentence. It further stated that Defendant was to receive credit for time served.
On January 6, 2016, Defendant filed a motion to reconsider sentence and argued that the sentence imposed is excessive; the trial court denied the motion.
Defendant appeals his sentence.
DISCUSSION
Defendant argues that the trial court erred by imposing the harsh and excessive sentence of nine years at hard labor when the maximum sentence for hit- and-run driving is ten years at hard labor. He contends that the trial court failed to adequately consider the La. C. Cr. P. art. 894.1 factors, specifically the mitigating factor that he expressed remorse and accepted responsibility by pleading guilty. He argues that the trial court did not fully consider his history, including his age, family ties, marital status, health or employment record. He finds fault with the trial court’s focus on his criminal history and that the trial court did not consider his likelihood of rehabilitation. He also argues that the trial court should not have considered the lab report that stated he tested positive for THC because there was no evidence that the influence of THC contributed to the accident.
The state argues that the trial court did not err in sentencing Defendant to nine years at hard labor and that this sentence is not constitutionally excessive. It notes that the trial court complied with the orders of this court when resentencing Defendant by ordering the PSI report and considering any mitigating factors. It also contends that, considering Defendant’s lengthy criminal history, he received a lenient sentence because the state agreed not to file a habitual offender bill in exchange for his guilty plea.
|4When reviewing an excessive sentence claim, the appellate court uses a two-prong test. First, the record must demonstrate that the trial court complied with La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating and mitigating circumstance, but the record must reflect that the trial court adequately considered the guidelines of La. C. Cr. P. art. 894.1. State v. Smith, 433 So.2d 688 (La. 1983). The trial court should consider the defendant’s personal history and prior criminal record, the seriousness of the offense, the likelihood that the defendant will commit another crime and the defendant’s potential for rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981). The trial court is not required to assign any particular weight to any specific matters at sentencing. State v. Quiambao, 36,-587 (La.App. 2d Cir. 12/11/02), 833 So.2d 1103, writ denied, 03-0477 (La. 5/16/03), 843 So.2d 1130.
Second, the appellate court must determine if the sentence is constitutionally excessive. A sentence is excessive and violates La. Const. Art. 1, § 20, if it is *1240 grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Id.
A trial court has wide discretion in imposing a sentence within the statutory limits, and a sentence should not be set aside absent a showing of abuse of discretion. State v. Square, 433 So.2d 104 (La. 1983); State v. Black, 28,100 (La.App. 2d Cir. 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La. 9/20/96), 679 So.2d 430. On review, an appellate court does not determine whether another sentence may have been more appropriate, Rbut whether the trial court abused its discretion. State v. Williams, 03-3514 (La. 12/13/04), 893 So.2d 7; State v. Free, 46,894 (La.App. 2d Cir. 1/25/12), 86 So.3d 29.
La. R.S. 14:100(0(2) states:
Whoever commits the crime of hit-and-run driving, when death or serious bodily injury is a direct result of the accident and when the driver knew or should have known that death or serious bodily injury has occurred, shall be fined not more than five thousand dollars or imprisoned with or without hard labor for not more than ten years, or both.
The trial court complied with the requirements of La. C. Cr. P. art. 894.1 and considered aggravating and mitigating factors prior to imposing Defendant’s sentence. As aggravating factors, the trial court specifically stated that Defendant was in need of correctional treatment and a custodial environment and that a lesser sentence would deprecate the seriousness of the offense. The trial court also noted that Defendant tested positive for THC at the time of the accident, that other vehicles were able to see and avoid the victim and that Defendant had an extensive criminal history. As a mitigating factor, the trial court stated that the victim was sitting on a dark road and texting or consuming a beer at the time Defendant struck her with his vehicle. Further, the PSI report reviewed by the trial court provides information about Defendant’s personal history, including that he has two young children with his current wife and one adult child with a previous wife, completed high school, received training from the Shreveport Job Corps, was unemployed at the time of the offense and had a history of drug abuse. The PSI report also details Defendant’s extensive criminal history, including charges of simple battery, domestic abuse battery, thefts possession of marijuana and a Schedule II CDS and various driving offenses.
Although the trial court did not specifically state that it considered the factor that Defendant expressed remorse and accepted responsibility by pleading guilty, the PSI report it reviewed stated that Defendant thought he hit a white dog with his vehicle and included a statement from Defendant that he was “very sorry for what happened to [the victim]” and had “learned alot [sic] about [him]self and [had] grown to be a better person and father” since his imprisonment.”
Although Defendant contends that the trial court improperly considered the lab report showing a positive result for THC, the trial court specifically stated that it did not consider that report when sentencing Defendant. The positive test was noted by a law enforcement officer during the preliminary exam. When previously before this court in State v. Fontenot, supra, we noted:
Whether drugs or alcohol had any role in this tragic accident is inconclusive as the toxicology test results are not in the record. All we know, from testimony at *1241 the preliminary examination, is that defendant had a blood alcohol content of .000% and that his blood tested positive for THC, THC metabolites and Xanax. We do not know, however, whether defendant was criminally under the influence of drugs on the night of the accident, or if he had possibly consumed those drugs days before the accident. These facts might have bearing on this case and defendant’s sentence. The trial court used defendant’s possible impairment as an aggravating factor in sentencing him, yet we note that he was not charged with driving while intoxicated. The questions that arise relative to defendant’s criminal record and his use of aleohol and drugs are ones that we are unable to answer based upon our review of the record. The trial court, which seemingly used defendant’s criminal record, possible impairment, and its belief that defendant should have seen the victim as aggravating factors in its sentencing, likewise was operating with a very thin set of facts. To rely upon this as a factual basis to sentence defendant to an almost maximum | sentence was erroneous, especially when coupled with the fact that the trial court ostensibly failed to consider any mitigating and/or contributory factors.
Without the consideration of the lab report by the trial court, we do not know the amount, time and proximity of the alleged use of drugs. However, the trial court did not err in considering Defendant’s possible impairment as one aggravating factor. When resentencing Defendant, the trial court considered several aggravating factors; reviewed the PSI report, which detailed Defendant’s personal and criminal history; and specifically addressed mitigating factors.
Further, Defendant’s sentence is not constitutionally excessive. The sentence is within the statutory range, is not grossly out of proportion to the severity of the crime and does not shock the sense of justice. The trial court did not abuse its discretion in imposing this sentence. A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Hebert, 50,163 (La.App. 2d Cir. 11/18/15), 181 So.3d 795. Had Defendant been adjudicated a second felony habitual offender, he would have faced a possible sentence of 5 to 20 years. La. R.S. 15:529.1(A)(1). Therefore, he obtained a substantial benefit through his guilty plea.
Accordingly, this assignment of error lacks merit.
ERROR PATENT
 On error patent review, we find that the trial court erred in ordering Defendant to serve 30 days in jail in default of payment of court costs. An indigent defendant cannot be subjected to default time in lieu of the payment of a fine, costs or restitution. State v. Davenport, 43,101 (La.App. 2d Cir. 3/19/08), 978 So.2d 1189, writ denied, 08-1211 (La. 1/30/09), 999 So.2d 748. Indigence may be discerned from the record. Id. Where a defendant is represented by the Indigent Defender’s Office, a court-appointed attorney and the Louisiana Appellate Project, this court has considered it error for a trial court to impose jail time for failure to pay court costs. State v. Lewis, 48,373 (La.App. 2d Cir. 9/25/13), 125 So.3d 482.
In the case sub judice, Defendant’s indigence is apparent in the record. He was represented at trial by a public defender and represented on appeal by the Louisiana Appellate Project.
Accordingly, the portion of Defendant’s sentence ordering 30 days’ jail time in default of payment of court costs is vacated.
*1242 CONCLUSION
For the foregoing reasons, we amend Defendant William Allen Fontenot’s sentence to vacate the portion of the sentence ordering 30 days’ jail time in default of payment of court costs and affirm Defendant’s sentence as amended.
SENTENCE AMENDED AND AFFIRMED AS AMENDED.