461 So.2d 1073 (1984)
STATE of Louisiana
v.
James C. NOLEN.
No. 83-KA-438.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 1984.
*1074 John M. Mamoulides, Dist. Atty., James Maxwell, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Joseph L. Montgomery, Staff Appeals Counsel, 24th Judicial Dist. Court, Indigent Defender Bd., Gretna, for defendant-appellant.
Before BOUTALL, CURRAULT and GAUDIN, JJ.
GAUDIN, Judge.
James Nolen was convicted by a 12-person jury of aggravated rape in the 24th Judicial District Court and, seeking a reversal, assigns four errors:
(1) The trial judge committed reversible error by commenting on the evidence;
(2) An incomplete transcript was submitted to this Court;
(3) The trial judge's instructions were inaccurate with regard to the list of verdicts responsive to aggravated rape; and
(4) The trial judge erred in not declaring a mistrial after excusing a juror for cause during the course of the trial.
The victim was employed as a barmaid in a Jefferson Parish lounge. She testified that she was struck in the face and then raped by Nolen in his apartment. The defendant, a fairly regular customer at the victim's place of employment, admitted having sexual intercourse but he said that the victim was willing and that he did not strike her.
Photographs taken the day following the alleged crime show the victim with a lacerated face, badly swollen left eye and chipped front teeth.
Subsequent to the guilty verdict, Nolan was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. For the following reasons, we affirm his conviction.

ASSIGNMENT NO. 1
LSA-C.Cr.P. art. 772 reads:
"The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted."
During the trial, the victim's sister was called as a witness by the State, resulting in this colloquy:
BY MR. PORTEOUS (ASSISTANT DISTRICT ATTORNEY):
Q. Okay. Ms. Wallace, do you know Ms. Vicki Generos?
A. Yes sir.
Q. And you all are related, are you not?
A. Yes sir.
Q. How is that?
A. My sister.
Q. Were you and your sister on or about November 6th of 1981 living together?

*1075 A. Yes sir.
Q. At whose apartment or whose place?
A. It was my apartment.
Q. How long had you all been living together?
A. I'd say about two (2) months.
Q. Did Ms. Generos have a child?
A. Yes sir. Patti, she's two years old at the time.
Q. And did Patti live there with you all for this period of time also?
A. Yes sir.
Q. Now, approximately a month before November 6th did Ms. Generos have occasion to gain employment?
A. Yes sir.
MR. JOHNSON (DEFENSE COUNSEL):
Your Honor, I'm going to object to the leading nature of these questions. I realize it's preliminary but it's going to have to stop somewhere.
THE COURT:
Well, they're also not only preliminary, but they are also undisputed.
MR. PORTEOUS:
That's exactly right.
THE COURT:
They're undisputed facts.
MR. JOHNSON:
I don't know that, Your Honor, until II just objecting to the manner in which the questions are being asked. I'm not questioning...
MR. PORTEOUS:
I'll try to phrase them in a different way.
THE COURT:
Alright.
The defense requested a mistrial because the trial judge, despite the Art. 772 prohibition, "commented upon the facts" by referring to part of the testimony as "undisputed." Also, appellant suggests that the questions were leading and should not have been allowed. The judge refused to declare a mistrial, but he did state to the jury:
"The Court is going to admonish the jury to disregard the Court's comment about an undisputed fact. Since this is within the jury's province as to what has been proved and what hasn't been proved as facts of the case."
LSA-C.Cr.P. art. 770 lists the prejudicial remarks within hearing of the jury that require a mistrial, such as a comment relating to race or religion, to another crime allegedly committed by the person on trial or to the failure of a defendant to testify in his own defense. Comments not within the mandatory reach of Art. 770 are covered by Art. 771, which asserts:
"In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
"(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
"(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
"In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial." (Underlining provided.)
Louisiana courts have consistently held that the prohibition of Art. 772 does not apply to the trial judge's reasons for ruling on objections concerning admission or exclusion of evidence provided the remarks are not unfair or prejudicial. State v. Knighton, 436 So.2d 1141 (La.1983); State v. Williams, 397 So.2d 1287 (La.1981); and State v. Motton, 395 So.2d 1337 (La.1981), certiorari denied at 454 U.S. 850, 102 S.Ct. 289, 70 L.Ed.2d 139 (1981).
Here, the trial judge's calling preliminary and relatively unimportant facts "undisputed" and his alleged failure to recognize *1076 the questions as leading were neither unfair nor prejudicial. The judge correctly applied the guidelines of Art. 771 and admonished the jury to disregard his comment. This assignment of error is without substance.

ASSIGNMENT NO. 2
The defendant contends that an incomplete transcript of the trial court proceedings was submitted by the Clerk of Court, constituting reversible error. Nolen alleges that the record does not contain the jury verdict, the polling of the jury, the argument on the motion for new trial and the sentencing.
LSA-C.Cr.P. art. 914.1 is concerned with the designation of record on appeal, and it reads:
"A. The party making the motion for appeal shall, at the time the motion is made, request the transcript of that portion of the proceedings necessary, in light of the assignment of errors to be urged. Not later than five days after the motion, the opposing party may designate in writing the transcript of that portion or portions of the proceedings necessary to oppose the appeal.
"B. A transcript of any portion of the proceedings which does not relate to anticipated assignment of errors shall not be furnished to a party for purposes of appeal and shall not result in delay of preparation of the appeal record.
"C. An attorney who requests a transcript in accordance with this Article must certify there are good grounds for such request in light of the assignment of errors to be urged.
"D. The trial court or the appellate court may designate additional portions of the transcript of the proceedings which it feels are necessary for full and fair review of the assignment of errors."
Initially, we note that the record is not as devoid as Nolen suggests. It does contain, for instance, the jury verdict and the argument on the motion for a new trial.
Regardless, we find Section B, above, applicable. Because none of Nolen's assignments of error are directly or even indirectly based on the alleged missing parts, he cannot complain. This assignment of error is without value.

ASSIGNMENT NO. 3
Nolen was tried for aggravated rape in October of 1982. On September 10, 1982, various amendments to LSA-C.Cr.P. art. 814, the responsive verdict article, became effective. "Guilty of sexual battery" was added to the list of verdicts responsive to aggravated rape, and "Guilty of simple rape" was deleted.
Aggravated rape is (1) where the victim's utmost resistance is overcome by force, (2) where the victim is prevented from resisting by threats of great bodily harm accompanied by apparent power of execution or (3) where the victim does not resist because the offender is armed with a dangerous weapon.
The verdicts responsive to aggravated rape, at the time of the trial, were (1) guilty, (2) guilty of attempted aggravated rape, (3) guilty of forcible rape, (4) guilty of attempted forcible rape, (5) guilty of sexual battery and (6) not guilty.
When the trial judge read the list of responsive verdicts, he listed "Guilty of simple rape" as a possible verdict and he omitted "Guilty of sexual battery". Simple rape is a rape committed when the victim cannot resist or understand the nature of the act because of intoxication or unsoundness of mind.
As a result, Nolen argues (1) that this mistake prevented the jury from considering sexual battery, and (2) that the jury may have been misled by the inclusion of the simple rape verdict.
Sexual battery, although not responsive to aggravated rape before September 10, 1982, was nonetheless a statutorily defined crime before that date.

*1077 R.S. 14:43.1 is (and was) as follows:
"Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender compels the other person to submit by placing the person in fear of receiving bodily harm:
"(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
"(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
"Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, for not more than ten years."
When the trial judge read the charge, he defined aggravated rape, forcible rape, simple rape and sexual battery, and added "... that sexual battery is not a responsive verdict in this case. Therefore, if you find that the evidence only supports a finding of sexual battery, you have a duty to acquit the defendant, that is find the defendant not guilty."
Accordingly, the jury was given the correct definition of sexual battery and told to find Nolen not guilty if the facts showed him guilty only of that offense. Instead of being prejudiced by the omission of sexual battery as a responsive verdict, Nolen actually benefited from this exclusion and by the trial judge's instructions because they opened the door for a not guilty verdict if the jury concluded that the testimony and evidence supported only a sexual battery conviction.
Prior to the reading of the charge, the trial judge gave copies to both the prosecutor and defense counsel, and neither voiced any objections. In State v. Mart, 419 So.2d 1216 (La.1982), the Supreme Court of Louisiana discussed at length "... the effect of the absence of an objection to the trial court's instructions..."
The Court said:
"The contemporaneous objection rule serves two laudable and related purposes. The first is ... to prevent the defendant from having `an anchor to windward' to urge for the first time in the event of a conviction. In fairness to the state, defendant cannot simply watch the proceedings unfold and silently hope that the state will introduce inadmissible evidence or that the trial court will commit error. Significantly, the rule also prevents defendant from adopting, as a matter of strategy, one approach at trial, and then, if that approach fails, arguing a contrary view on appeal.
"The second and related purpose is one of judicial efficiency. The defendant has a duty to alert the trial court, if he objects to the admissibility of evidence or the method of proceeding. This allows the trial court to correct (or avoid) error, so that the verdict results from a trial which is as errorfree as possible.
"Nevertheless, this court has recognized exceptions to the rule's seemingly inflexible assertion that trial error, unless contemporaneously objected to, cannot be asserted on appeal. In State v. Williamson, 389 So.2d 1328 (La.1980), fundamentally erroneous misstatements of the essential elements of the charged offense were found to require reversal, despite the defendant's failure to raise an objection in the trial court. In that case this court apparently adopted a view, not totally unlike the federal `plain error' approach, that such fundamentally incorrect jury instructions so affect the fairness of the proceedings and the accuracy of the factfinding process that due process of law requires reversal ...
"When counsel for defendant fails to comply with the contemporaneous objection rule, even in the case of a fundamentally erroneous instruction ..., it is not unreasonable to require defendant to carry the burden of satisfying the court that the procedural default (that is, the failure to raise the complaint properly) was excusable and was not the result of trial strategy. See Henry v. Mississippi, 379 U.S. 443 [85 S.Ct. 564, 13 L.Ed.2d 408], Estelle v. Williams, 425 U.S. 501 [96 S.Ct. 1691, 48 L.Ed.2d 126.]"
*1078 While we cannot say that defense counsel's failure to object to the jury charge was either excusable or the result of trial strategy, we do find that the trial judge's instructions were not so fundamentally incorrect as to adversely affect either the fairness of the proceedings or the accuracy of the factfinding process.
Nolen was convicted as charged. His own testimony and that of his witnesses negated the possibility of sexual battery and simple rape. The defendant denied placing the victim in fear of receiving bodily harm, a necessary element in sexual battery; and there is no indication in the record that the victim could not understand the nature of the act because of intoxication or unsoundness of mind, the requisites of simple rape. Had the jury found the facts, circumstances and testimony supportive of sexual battery, the verdict would have been not guilty, in accord with the trial judge's inadvertent instructions.
In State v. Anderson, 440 So.2d 205 (La. App. 3rd Cir.1983) writs denied at 444 So.2d 1241, the trial judge erroneously included a lesser charge in his list of responsive verdicts. The defendant was convicted of the crime charged, and the Third Circuit noted:
"... it appears anomalous for one to allege that he was prejudiced when he was convicted of the precise crime charged, despite the existence of arguably erroneous lesser responsive verdicts which were found to be inapplicable by the trier of fact. See State v. Prestridge, 399 So.2d 564 (La.1981); State v. Beavers, 394 So.2d 1218 (La.1981) ..."
From State v. Prestridge, supra:
"The arguably erroneous inclusion of lesser offense responsive verdicts in the charge to the jury cannot be said to have prejudiced the defendant where the jury returned a verdict of guilty of the offense charged. See State v. Beavers, 394 So.2d 1218 (La.1981); State v. Booker, 385 So.2d 1186 (La.1980). It is not demonstrated how the inclusion of the lesser offense responsive verdicts in the jury charge could have led to confusion which would have had a bearing on the jury's finding that the defendant was guilty of the offense charged."
The Supreme Court of the United States has held that the failure to list a lesser included offense among the possible responsive verdicts does not automatically justify reversal. Due process requires, the Court said in Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), "... that a lesser included offense instruction be given when the evidence warrants such an instruction. But due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction. The jury's discretion is thus channelled so that it may convict a defendant of any crime fairly supported by the evidence..."
See also State v. Henry, 439 So.2d 1242 (La.App. 5th Cir.1983), in which a conviction for aggravated rape was affirmed although the trial judge failed to list a statutorily designated lesser verdict (guilty of forcible rape) because it was totally inappropriate to the facts. The court said:
"When the requested lesser offense contains all the essential elements of the greater offense, the defendant is entitled to have the jury consider that lesser included offense. When, however, an essential element of the lesser crime is lacking in the greater charged offense... a conviction on a legislatively designated lesser offense which is unsupported by the evidence will be constitutionally infirm.
"We hold that the trial judge was correct in excluding the charge of forcible rape in this prosecution for aggravated rape. Though forcible rape is a legislatively designated responsive verdict ... it is not a true lesser included offense ..."
One of the required elements of forcible rape is the use of force, and the court noted that "... no evidence of force was presented at trial by either side ..."
In State v. Anderson, supra, State v. Prestridge, supra, Hopper v. Evans, supra, and in other cases in which a defendant was convicted as charged and later on appeal *1079 argued either that an inappropriate lesser included verdict was read to the jury or that such a verdict was erroneously excluded from the jury's consideration, a reversal is not spontaneous. The defendant still must show that the inclusion or exclusion, as the case may be, was prejudicial and that fundamental due process had been offended.
Two lesser included verdicts are pertinent in Nolen's case, "Guilty of sexual battery," which was described for the jury's benefit but not listed as a possible verdict, and "Guilty of simple rape," which was listed. As previously stated, the sexual battery exclusion accrued to Nolen's benefit as it was available as an avenue of escape rather than as a possibility of conviction, and there was not a scintilla of evidence supportive of a simple rape conviction. Clearly, simple rape was inappropriate, as was forcible rape in State v. Henry, supra.
For all practical purposes, the Nolen jury could have found him guilty as charged, guilty of attempted aggravated rape, guilty of forcible rape, guilty of attempted forcible rape, not guilty if it felt the necessary elements of the heretofore listed crimes were not proven or not guilty if it concluded that only the elements of sexual battery had been proven beyond a reasonable doubt.
If the jury felt any sympathy for Nolen, for whatever reason, and was inclined to settle on a lesser verdict, such verdicts were available.
Nolen does not argue, on appeal, that his testimony and the evidence in his favor could support either a simple rape or sexual battery conviction. How, then, could he be prejudiced by the inclusion of the simple rape verdict, which obviously was not germane, or the exclusion of the sexual battery verdict? The exclusion of a lesser included verdict was the situation in Hooper v. Evans, supra, when the defendant, who had been convicted of murder, claimed prejudice because the trial judge had not read a lesser included verdict dealing with the lack of intent to kill. The evidence, including the defendant's own testimony, had demonstrated a positive intent to kill. The Court said:
"Respondent suggests no plausible claim which he might conceivably have made... that is not contradicted by his own testimony." (Underlining provided.)
The Evans jury, in convicting him as charged, no doubt placed credence in the victim's testimony and in the evidence buttressing her version of the assault. The jury disregarded Nolen's account of the victim's willingness and his denial of having struck her. In his charge, the trial judge said that "... in order to convict the defendant of aggravated rape, you must find that the defendant committed an act of anal or sexual intercourse ..." without the victim's lawful consent, and "... that the victim resisted to the utmost but her resistance was overcome by force or that the victim was prevented from resisting by threats of great and immediate bodily harm with apparent power of execution."
These are the indispensable elements of aggravated rape and these are the elements proven beyond a reasonable doubt, as evidenced by the jury's verdict: "Guilty of aggravated rape."
As Nolen cannot show prejudice or a denial of fundamental due process by either the mistaken inclusion of one lesser charge or the exclusion of the other, or by a combination of the two inadvertencies, this assignment of error is of no consequence.

ASSIGNMENT NO. 4
With the trial in progress, one of the jurors notified the trial judge that he knew the victim and also several witnesses. This juror was removed for cause and replaced by an alternate juror who had been selected in accord with LSA-C.Cr.P. art. 789:
"The court may direct that one or two jurors in addition to the regular panel be called and impaneled to sit as alternate jurors. Alternate jurors, in the order in which they are called, shall replace jurors *1080 who become unable to perform or disqualified from performing their duties prior to the time the jury retires to consider its verdict. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges for cause, shall take the same oath, and shall have the same functions, powers, facilities, and privileges as the principal jurors ..." (Underlining provided.)
As the trial judge followed the outlined procedure, we find no merit in this assignment of error.

CONCLUSION
As each of the assignments of error is without merit, we affirm James Nolen's aggravated rape conviction.
AFFIRMED.