771 So.2d 798 (2000)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jermaine JOHNSON, Defendant-Appellant.
Nos. 33,791-KA, 33,877-KW.
Court of Appeal of Louisiana, Second Circuit.
October 20, 2000.
Rehearing Denied November 30, 2000.
*800 Louisiana Appellate Project by Amy C. Ellender, Indigent Defender Board by Frank V. Zaccaria, Jr. Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul Joseph Carmouche, District Attorney, Suzanne Owen, Assistant District Attorney, Counsel for Appellee.
Before BROWN, GASKINS, DREW, JJ.
DREW, J.
After a jury trial, Jermaine Johnson, was convicted as charged of battery of a police officer in a correctional facility, while defendant was detained therein, a violation of La. R.S. 14:34.2(B)(2). Following his conviction, defendant was charged and adjudicated as a third felony habitual offender. As a third felony offender with a violent crime conviction, the habitual offender law mandated a minimum sentence of life imprisonment, without benefits. The trial court instead sentenced defendant to 27 years at hard labor without benefit of parole, probation or suspension of sentence.
The defendant appealed his conviction. The state filed a writ application asserting error by the trial court in imposing a sentence less than that mandated by the habitual offender law set forth in La. R.S. 15:529.1. These matters have been consolidated. The defendant's conviction and habitual offender adjudication are affirmed. His illegally-lenient sentence is set aside, and he is sentenced to life imprisonment, without benefit of parole, probation, or suspension of sentence.

FACTS
On April 10, 1999, Caddo Sheriff's Department Deputy Stephen Trujillo was working as a "pod deputy" in the Alpha pod of the Caddo Correctional Center. On that date, while on duty and in uniform, Deputy Trujillo attempted to restrain an unruly inmate. As he was doing so, Deputy Trujillo was suddenly and violently struck several times in the nose and head by another inmate. Deputy Trujillo did not see his attacker.
*801 Deputy Lawrence Pierre was assisting Deputy Trujillo in handcuffing the troublesome inmate when he saw the defendant, Jermaine Johnson, strike Deputy Trujillo several times. When emergency assistance arrived, Deputy Pierre immediately identified Johnson as the inmate who attacked Deputy Trujillo. At trial, Deputy Pierre again positively identified Johnson as the inmate who attacked Deputy Trujillo. The state's witnesses established that this incident occurred at the Caddo Correctional Center where Johnson was an inmate. Johnson called no witnesses and introduced no exhibits.
Following his conviction by a unanimous jury, a habitual offender bill of information was filed charging Johnson as a third felony offender, to which Johnson filed an opposition. The trial court adjudicated Johnson a third felony offender in a written opinion dated November 3, 1999. On October 28, 1999, the trial court orally provided detailed reasons in support of a sentence of 27 years at hard labor without benefit of parole, probation or suspension of sentence in lieu of the statutorily-mandated life sentence for a third felony offender. The trial court reiterated and expounded upon its reasons in support of the 27-year hard labor sentence (without benefits) imposed in its November 3, 1999 written per curiam opinion. Because this sentence deviated from the mandatory minimum sentence of life imprisonment for a third felony offender, the state objected and filed a motion to reconsider which was denied following a hearing on January 25, 2000.
Defendant filed this appeal claiming that the evidence was insufficient to convict him, that the trial court erred in failing to instruct the jury regarding responsive verdicts, and that his adjudication as a third felony offender was improper. From the denial of its motion to reconsider sentence, the state sought supervisory review of the trial court's deviation downward from the sentence mandated by the habitual offender law.

DISCUSSION

Assignment of Error No. 1: Sufficiency of the evidence.
In this appeal, defendant does not deny that he struck Deputy Trujillo. However, he claims that the state failed to prove beyond a reasonable doubt[1] that he was detained at a correctional facility at the time of the incident.
La. R.S. 14:34.2 provides, in part:

*802 A. (1) Battery of a police officer is a battery committed without
the consent of the victim when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty.
(2) For purposes of this Section, "police officer" shall include commissioned police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, constables, wildlife enforcement agents, state park wardens, and probation and parole officers.
B. (1) Whoever commits the crime of battery of a police officer shall be fined not more than five hundred dollars and imprisoned not less than fifteen days nor more than six months without benefit of suspension of sentence.
(2) If at the time of the commission of the offense the offender is under the jurisdiction and legal custody of the Department of Public Safety and corrections, or is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility, the offender shall be fined not more than one thousand dollars and imprisoned with or without hard labor without benefit of parole, probation, or suspension of sentence for not less than one year nor more than five years. Such sentence shall be consecutive to any other sentence imposed for violation of the provisions of any state criminal law.
Defendant's argument that the state failed to prove beyond a reasonable doubt that he was detained in a correctional facility when this incident occurred simply has no merit. The state's two witnesses clearly testified that when the attack occurred on Deputy Trujillo, the defendant was an inmate in Alpha pod at the Caddo Correctional Center. Contrary to the arguments of defendant, there is no jurisprudence requiring the state to offer some documentation regarding how and why the defendant was detained in the correctional facility in order to substantiate the witnesses' testimony.
There is also no merit to defendant's argument that the witnesses "lacked foundation" for their testimony. First, no foundational objection was made to the witnesses' testimony. La. C.Cr.P. art. 841. Second, any attack on foundation or knowledge would go to the credibility and weight to be given the witnesses' testimony which is clearly an issue for the jury to decide. State v. Ervin, 32,430 (La.App.2d Cir.9/22/99), 747 So.2d 109; State v. Finch, 31,888 (La.App.2d Cir.5/5/99), 733 So.2d 716.
Viewing the totality of the evidence presented in a light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that the evidence presented was sufficient to prove all of the elements of this offense and that defendant committed this crime when and while he was detained in the Caddo Correctional Center. Therefore, the jury's guilty verdict is supported by the record. The defendant's arguments to the contrary are without merit.

Assignment of Error No. 2: Failure to instruct jury regarding responsive verdicts.
Johnson argues that the trial court erred by failing to instruct the jury regarding lesser and included offenses to the charge of battery of a police officer and that these offenses should have been responsive verdicts on the verdict form. The state responds that the trial court correctly denied defendant's request to include the other offenses in the jury charge, or in the alternative, that if error occurred, it was harmless and not prejudicial to defendant.
The defendant made a timely request for the proposed instructions and contemporaneously objected when the trial court denied his request. The issue of proposed jury instructions and responsive verdicts was first raised during voir dire, then again toward the close of final arguments. *803 Defense counsel argued to the court that he and the prosecutor had agreed, before trial began, that the jury should be instructed regarding responsive verdicts. The assistant district attorney admitted same, but further stated that she would now (at trial) defer to the trial court on this issue.
In conjunction with this assigned error, both the defendant and the state raise what appears to be an issue of first impression. The defendant contends that La. R.S. 14:34.2(B)(2) sets forth an additional essential element of the crime of battery of a police officer, though later contending, in the alternative, that it is merely an enhancement factor for the sentencing judge. On the other hand, the state argues that subparagraph B(2) provides for an enhanced penalty (from a misdemeanor to a felony) when it proves that the defendant was under the jurisdiction and custody of the Department of Public Safety and Corrections or being detained as, in the instant case, at a correctional facility when the offense occurred. The state urges that this statute, La. R.S. 14:34.2, is analogous to the grades of theft set forth in La. R.S. 14:67.
In reading La. R.S. 14:34.2(A)(1), it is clear that the crime of battery of a police officer, misdemeanor grade (with a six month maximum sentence), is committed when all of the following elements have been shown:
1) a battery;
2) committed without the consent of the victim; and
3) when the offender has reasonable grounds to believe that the victim is a police officer acting in the performance of his duty.
However, the bill of information clearly states that this felony prosecution is under La. R.S. 14:34.2(B)(2). Thus, the jury had to find that the state proved all of the above elements, plus the additional element of the defendant being a detainee in a jail facility when the commission of the battery took place.
In ruling on defendant's request that the jury be instructed regarding responsive verdicts, the trial court incorrectly stated that it "reads Article 34.2(B) as merely an enhancement for purposes of sentencing" and not as an element of the offense. However, despite this ruling, the trial court correctly instructed the jury as follows:
Ladies and Gentlemen, I will now instruct you as to the law covering the offense of battery of a police officer. Under Louisiana law, battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another.
Under Louisiana law, a police officer includes deputy sheriffs and correctional officers.
Defendant has been charged with committing a battery of a police officer without the consent of the victim when the offender had reasonable grounds to believe the victim was a police officer acting in the performance of his duty while the offender was being detained in any jail, prison, or correctional facility.
This instruction is worded such that the jury could conclude that detention of the offender in any jail, prison or correctional facility is an element of this offense.
Defendant contended that the trial court was required to instruct the jury regarding the following three lesser and included grades of the offense:
1) battery of a police officer outside of a correctional facility (i.e. "simple" battery of a police officer);
2) simple battery; and
3) attempted battery of a police officer.
The learned trial court disagreed.
Where the legislature has not specifically mandated a responsive verdict in La. C.Cr.P. art. 814, the trial court should *804 be guided by the provisions of La. C.Cr.P. arts. 803 and 815. La. C.Cr.P. art. 803 reads, in part:
When a count in an indictment sets out an offense which includes other offenses of which the accused could be found guilty under the provisions of Article 814 or 815, the court shall charge the jury as to the law applicable to each offense.
The statutory requirement that the trial judge charge the jury as to the law that is applicable to the case includes all other offenses of which the defendant may be convicted by responsive verdict. State v. Wilson, 315 So.2d 646 (La.1975). When a defendant requests and is refused a jury instruction on a lesser and included offense, or when the defendant timely objects to the trial court's failure to give a responsive verdict instruction to which he is statutorily entitled, the conviction may be reversed. State v. Wright, 598 So.2d 493 (La.App. 2d Cir.1992). Citing Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), our supreme court stated in State v. Henry, 449 So.2d 486 (La.1984):
Due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction. The jury's discretion is thus channeled so that it may convict a defendant of any crime fairly supported by the evidence.
La. C.Cr.P. art. 814 does not mandate responsive verdicts for battery of a police officer; therefore, the responsive verdicts are set forth in La. C.Cr.P. art. 815 as: (1) guilty; (2) guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or (3) not guilty. The following criteria determine responsiveness: first, all essential elements of the lesser offense must be included in the offense charged; second, the offense must be of the same generic class. State v. Cook, 372 So.2d 1202 (La.1979). Evidence which supports a conviction of the charged offense will support a conviction of a lesser and included offense. State v. Dufore, 424 So.2d 256 (La.1982).
Johnson's request that "simple battery of a police officer" be included as a responsive verdict was properly denied by the trial court. "Simple battery of a police officer" under La. R.S. 14:34.2(A)(1) is a misnomer. Only one crime is defined in the statute, though it is listed in a misdemeanor and a felony grade. The trial court also denied defendant's request that "attempted" battery of a police officer be included as a responsive verdict. For arrest and charging purposes, an attempted battery is an assault. La. R.S. 14:36. Under Louisiana law, assault is a separate crime not included within a battery, nor responsive to such a charge. See La. C. Cr. P. art. 814(A)(14, 15, 17). However, for verdict and habitual offender purposes the responsive verdict of attempted battery has been allowed for the crime of sexual battery. See State v. Ponsell, 33,543 (La.App.2d Cir.8/23/00), 766 So.2d 678.
La. R.S. 14:35 defines the crime of simple battery as a battery committed without the consent of the victim. The penalty for this misdemeanor is a maximum of six months imprisonment. It is apparent that all the essential elements of simple battery are included within the elements of battery of a police officer. See State v. Blancaneaux, 535 So.2d 1341 (La. App. 5th Cir.1988). As such, the trial court erred in failing to instruct the jury that it may find the defendant guilty of simple battery as a lesser included and responsive verdict to the charge of battery of a police officer. Attempted battery of an officer should have been listed as a responsive verdict, although the evidence is overwhelming that the battery occurred. A good argument could have been made, though it wasn't, that second degree battery could have also been responsive. Clearly there was judicial error.
However, in order for judicial error to warrant setting aside a defendant's conviction this court must find that the error *805 prejudiced substantial rights of the defendant. La. C.Cr.P. art. 921; State v. Emerson, 31,408 (La.App.2d Cir.12/9/98), 722 So.2d 373, writ denied, 99-1518 (La.10/15/99), 748 So.2d 470; State v. Dorsey, 30,683 (La.App.2d Cir.6/24/98), 718 So.2d 466, writ denied, 98-2227 (La.12/18/98), 732 So.2d 54.
Before a conviction may be reversed on grounds that the trial court failed to include responsive verdicts, the defendant must demonstrate that the exclusion of a responsive verdict was prejudicial and that fundamental due process has been violated. State v. Carter, 96-358 (La. App. 5th Cir.11/26/96), 685 So.2d 346. In State v. Williams, 606 So.2d 1387 (La.App. 2d Cir.1992), this court reversed defendant's second degree murder conviction when the trial court erred in failing to instruct the jury on negligent homicide. In concluding that the error was prejudicial to the defendant, the court stated:
Even if a negligent homicide instruction is indicated, the omission of such an instruction may be harmless error. The failure to give such an instruction is prejudicial only if the jury has insufficient information to understand that if the defendant was guilty of negligent homicide, it should find him not guilty of the charged offense.
Id., 606 So.2d at 1389-90.
State v. Williams involved the requirement that a non-responsive verdict, negligent homicide, be included with the jury charge in cases involving the various grades of murder when there is evidence from which the jury can infer that the defendant is guilty of negligent homicide. This court has discussed this distinction:
Disputes over the inclusion of the definition of non-responsive offenses in the charge almost always occur in cases where a defendant is charged with murder or manslaughter. Pursuant to La. C.Cr.P. art. 814, the crime of negligent homicide is not a responsive verdict to a charge of either murder or manslaughter. However, in State v. Marse [365 So.2d 1319 (La.1978)], the supreme court accepted the defendant's contention that, in this case, the negligent homicide instruction was wholly correct and pertinent. The charge of first degree murder of a police officer requires proof of the offender's specific intent to kill or commit great bodily harm. La. R.S. 14:30(A)(2). Because specific intent to produce the criminal consequence of the death of a human being is not present when the offender's act is combined only with criminal negligence, Marse's defense focused on that element at trial.
The circumstances giving rise to the Marse rule are not present in this case. In this attempted forcible rape case, instructions regarding simple battery, sexual battery and oral sexual battery do not play the same role as a negligent homicide instruction in a murder case. Proof of criminal negligence tends to show that an offender's conduct was reckless but not purposeful and is thus a colorable defense. However, proof of simple battery, sexual battery and oral sexual battery does not tend to show that the offender had no intent to rape the victim.
State v. Dorsey, 718 So.2d at 470.
Of course, simple battery and attempted battery of a police officer are not colorable defenses to battery of a police officer.
Johnson failed to demonstrate that he suffered prejudice due to the trial court's failure to include his requested responsive verdicts. The clear, unrebutted testimony in the instant case precludes the necessity of adding the defendant's three requested responsive verdicts:
1) "Simple" Battery of an officerEach witness testified that the unprovoked blows were administered by an inmate in a correctional center;
2) Simple BatteryEach witness testified that the victim was a law enforcement officer; and

*806 3) Attempted Battery of an officerThe Deputy's broken nose belies the possibility that the battery was only attempted.
In other words, no reasonable trier of fact could conclude that any of these three responsive verdicts could apply to the facts of this case.
Since the trial court's error in leaving out responsive charge(s) did not materially prejudice defendant, his conviction will stand. Note the clear instructions of the trial judge, reproduced with our emphasis:
[I]n order to find the Defendant guilty of Battery of a Police Officer, you must find, beyond a reasonable doubt, based upon the evidence, that JERMAINE JOHNSON committed a battery upon Steven Trujillio (sic), who is a law enforcement officer, without his consent, and JERMAINE JOHNSON had reasonable grounds to believe that Steven Trujillio was a law enforcement officer acting in the performance of his duty and this battery took place while JERMAINE JOHNSON was being detained in a jail, prison, or correctional facility.

The possible verdicts you may render are as follows:
1. Guilty as charged of Battery of a Police Officer, or
2. Not guilty.
Finally, after having considered all of the evidence and the law as instructed by the Court, if you are convinced beyond a reasonable doubt that the Defendant is guilty of Battery of a Police Officer, your verdict should be guilty. If the State has failed to prove beyond a reasonable doubt that the Defendant is guilty of Battery of a Police Officer, your verdict should be not guilty.

The jury knew what elements were required for a guilty verdict. The jury further knew that if the State failed in its burden, that an acquittal was required. The proposed verdicts permitted only a finding of guilt or acquittal. The Court's failure to instruct on any of the suggested responsive verdicts is at most, harmless error.

Assignment of Error No. 3: Improper enhancement under La. R.S. 15:529.1
In this assigned error, defendant argues that a conviction under La. R.S. 14:34.2(B)(2) may not be used to adjudge him an habitual offender. Specifically, defendant claims that the enhancement from a misdemeanor to a felony in La. R.S. 14:34.2(B)(2) itself precludes further enhancement under the habitual offender law.
We disagree. Whereas a convicted felon bears a status by his very existence, implicating the logic of State vs. Sanders, 337 So.2d 1131 (La.1976), this instant fact situation is different, in that Mr. Johnson chose to commit his battery upon a correctional officer and while being detained in a correctional facility. State v. Sanders, supra does not apply to this sadly unexceptional situation, thus the adjudication as an habitual offender shall stand. Attempted (felony) battery may be used for conviction and habitual offender purposes. See State v. Ponsell, supra.

State of Louisiana's Application for Writ of Review.
The State of Louisiana filed a writ application asserting that the trial court abused its discretion by imposing a sentence less than that mandated by La. R.S. 15:529.1(D)(3) and that there was insufficient evidence to support a deviation below the statutorily mandated life sentence.
The trial judge, in his written Opinion of November 3, 1999, attributed this downward deviation to: (1) the nature of the instant case; (2) prior crimes; (3) Johnson's relatively young age of 24 at the time of the instant offense; and (4) the adequacy of a lesser sentence to appropriately punish the defendant for his misconduct.
We disagree. There is nothing in this record to clearly and convincingly show that this defendant is exceptional. We cannot subscribe to the trial court's conclusion *807 that a life sentence under these facts is unconstitutional, particularly notwithstanding defendant's arguments that:
1. His actions did not cause serious bodily injury. Not so. This allegation is belied by the very nature of his first conviction (manslaughter), and by the clear words of R.S. 14:34.1, second degree battery, listed in the Criminal Code immediately before R.S. 14:34.2, battery of a police officer, which defines serious bodily injury as "bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death." Deputy Trujillo's broken nose clearly fits within this definition of "serious bodily injury."
2. He admitted his crimes. Not so. Defendant entered an Alford plea to Manslaughter, which plea does NOT admit the crime, for which he received a four-year sentence. Did he literally get away with murder, or did he plead to something for which he may have been marginally responsible, to end an incarceration on a "time-served" basis. The record is silent as to the reason for that sentence. Further, the defendant did not admit his guilt in the present case as was his constitutional right. He went to trial on this felony charge of Battery of an Officer.
This court gives great deference to legislatively-mandated minimum sentences. State v. Gass, 31,816 (La.App.2d. Cir.1/20/99), 728 So.2d 896. This defendant's actions have been reprehensible.
Accordingly, we overturn the District Judge's sentence of 27 years without benefits for Johnson, and instead sentence the defendant to incarceration at hard labor for life, without benefit of parole, probation, or suspension of sentence.

CONCLUSION
No error patent was noted. The defendant's conviction is affirmed. His habitual offender adjudication is affirmed. His 27-year sentence is overturned, and instead, he is hereby ordered to serve the balance of his life at hard labor, without benefit of parole, probation or suspension of sentence.

DECREE
Writ GRANTED and made peremptory. The conviction is AFFIRMED. The sentence is REVERSED and a sentence of life without benefit of parole, probation or suspension of sentence is imposed.

APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, GASKINS, KOSTELKA, and DREW, JJ.
Rehearing denied.
NOTES
[1] Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992).

The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir. 1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra; State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Bellamy, supra.