823 So.2d 917 (2002)
STATE of Louisiana
v.
Jermaine JOHNSON
No. 2001-K-0006.
Supreme Court of Louisiana.
May 31, 2002.
*919 Amy C. Ellender, Daniel J. Ellender, Mer Rouge, for Applicant.
Hon. Richard P. Ieyoub, Attorney General, Hon. Paul Carmouche, District Attorney, Tommy J. Johnson, Suzanne Lynn Morelock Owen, Jason W. Waltman, Shreveport, for Respondent.
PER CURIAM.
Louisiana's system of responsive verdicts has constituted a distinctive aspect of this state's law "[s]ince before the turn of the century," State v. Porter, 93-1106, p. 4, (La.7/5/94), 639 So.2d 1137, 1140, although it has been questioned elsewhere. See Roberts v. Louisiana, 428 U.S. 325, 334-35, 96 S.Ct. 3001, 3007, 49 L.Ed.2d 974 (1976). We observed in Porter that, "[t]reating the jury's prerogative to return a responsive verdict similar to the jury's power of nullification, this court has consistently held that the jury must be given the option to convict the defendant of the lesser offense, even though the evidence clearly and overwhelmingly supported a conviction of the charged crime." Porter, 93-1106 at 4, 639 So.2d at 1140. We granted relator's application to reverse the decision below because the court of appeal disregarded this essential principle of jury lenity and misapplied harmless-error analysis based on overwhelming evidence of the charged crime in a case in which the trial court eliminated any possibility of compromise by withholding from jurors responsive verdicts for lesser included offenses, and thereby committed them to an all-or-nothing choice between guilty and not guilty.
Relator was tried and convicted by a jury for battery on a police officer in violation of La. R.S. 14:34.2(B)(2), following an incident in the Caddo Correctional Facility in which he struck a deputy sheriff with his fist several times, breaking the deputy's nose as the officer struggled with other deputies to subdue another inmate. The crime of battery on a police officer is generally a six-month misdemeanor offense. La. R.S. 14:34.2(B)(1). However, the crime becomes a felony, and thereby entitles a defendant to a jury trial, if it is committed within a correctional facility, La. R.S. 14:34.2(B)(2), or if it produces injury that requires medical attention. La. R.S. 14:34.2(B)(3).
During a recess following jury selection, the trial court rejected a joint proposal by counsel for the state and defense that it' charge jurors with respect to the responsive verdicts of simple battery of a police officer outside of a correctional facility, and simple battery. At the close of the *920 evidence, before jurors retired to deliberate, defense counsel renewed his request for his proposed responsive verdicts, adding that the court should at least charge jurors with respect to attempted battery. The court rejected that proposal as well. However, the trial court shared counsel's view that La. R.S. 14:34.2(B)(2) required jurors to find that relator had committed the offense while under the jurisdiction and legal custody of the Department of Corrections or in any jail or correctional facility, one of the two statutory provisions which made the offense a felony and entitled relator to a jury in the first place. See Apprendi v. New Jersey, 530 U.S. 466, 499, 120 S.Ct. 2348, 2367, 147 L.Ed.2d 435 (2000)(Scalia, J., concurring) (The Sixth Amendment jury guarantee "has no intelligible content unless it means that all the facts which must exist in order to subject the defendant to a legally prescribed punishment must be found by the jury."). The court therefore instructed jurors that to find relator guilty as charged they had to find that he committed a battery on the victim, that he had reasonable grounds to believe that the victim was a law enforcement officer acting in the performance of his duty, and that the battery took place while relator "was being detained in a jail, prison, or correctional facility." In accord with its view that the charged crime had no lesser included offenses, the court also instructed jurors that the only two responsive verdicts in the case were guilty as charged and not guilty. After brief deliberation, jurors found relator guilty as charged.
On appeal, the Second Circuit agreed with the trial court that commission of the offense of battery on a police officer in a jail or correctional facility is an essential element of the crime charged but also concurred with the lower court that one of the lesser verdicts proposed by the defense, simple battery on a police officer (i.e., outside of a correctional facility), was not properly responsive to the charged offense. State v. Johnson, 33,791 (La.App. 2nd Cir.10/20/00), 771 So.2d 798. As to simple battery and attempted simple battery, the court of appeal found that the trial court had erred in eliminating those responsive verdicts but that the error was harmless because the evidence overwhelmingly supported conviction for the charged offense, i.e., all witnesses testified that relator was an inmate in a correctional center when he struck the victim, and that the victim was a law enforcement officer whose "broken nose belie[d] the possibility that the battery was only attempted." Johnson, 33,791 at 11-12, 771 So.2d at 805-06. The court of appeal accordingly affirmed relator's conviction and, rejecting the trial judge's attempts to sentence relator to less than the statutory minimum following his adjudication as a triple offender, ordered relator to serve a term of life imprisonment at hard labor. Johnson, 33,791 at 13-14, 771 So.2d at 806-07; La. R.S. 15:529.1(A)(1)(b)(ii).
Because the legislature did not provide the offense of battery on a police officer with a list of responsive verdicts in La.C.Cr.P. art. 814, the correct verdicts in the present case were (1) guilty as charged; (2) guilty of a lesser included offense (even though the offense charged is a felony and the lesser offense is a misdemeanor), and not guilty. La.C.Cr.P. art. 815. Lesser and included grades of a charged offense are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged, and, thus, evidence sufficient to support conviction of the greater offense will necessarily support conviction of the lesser and included offense. State ex rel. Elaire v. Blackburn, 424 So.2d 246, 248 (La.1982); see also Schmuck v. United States, 489 U.S. 705, 718, 109 S.Ct. 1443, *921 1450, 103 L.Ed.2d 734 (1989)(adopting "elements" test for purposes of Fed. R.Crim.P. 31(c), governing conviction on lesser and necessarily included offenses, under which "one offense is not `necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense.").
The court of appeal correctly found in the present case that simple battery, defined in La. R.S. 14:35 as the use of force against the person of another, is a lesser and included offense of simple battery on a police officer. The court thought that an additional responsive verdict of simple battery on a police officer, when the offender is not under confinement in a correctional facility, was a "misnomer" because only one crime "is defined in the statute, though it is listed in a misdemeanor and a felony grade." Johnson, 33,791 at 8, 771 So.2d at 804. However, different grades of the same offense may be listed as separate responsive verdicts. See, e.g., La.C.Cr.P. art. 814(26)(theft); La.C.Cr.P. art. 814(A)(36)(aggravated criminal damage to property). Although simple battery of a police officer, when the offender is not confined in a correctional facility, and simple battery, are both six-month misdemeanor offenses, the former is a more severely punishable offense, as the offender must serve at least 15 days in jail and any term imposed must run without benefit of suspension of sentence. La. R.S. 14:34.2(B)(1). The offense of simple battery is therefore a lesser included offense of simple battery of a police officer, and both crimes comprise subset elements of the charged crime when it occurs within a correctional facility.
On the other hand, simple battery of a police officer producing injury that requires medical attention was not a proper responsive verdict to the charged offense in the present case because evidence sufficient to support conviction for the latter crime is not necessarily sufficient to support conviction for the former. In addition, despite the broad language of La. R.S. 14:27(C) that attempt "is a separate but lesser grade of the intended crime," attempted battery is not a proper responsive verdict to a charged offense of battery because it is not a separate offense in Louisiana. State v. Mayeux, 498 So.2d 701, 703 (La.1986)("[B]esides being unresponsive to the crime charged [aggravated battery], the verdict [of attempted aggravated battery] also purported to convict defendant of an offense not specifically designated as a crime in Louisiana.").
The correct responsive verdicts in this case were therefore:
(1) Guilty as charged (battery on a police officer when the offender is in the custody of a correctional facility) (felony grade);
(2) Guilty of battery on a police officer (misdemeanor grade);
(3) Guilty of simple battery (misdemeanor)
(4) Not guilty.
In addition, a trial judge in Louisiana must charge with respect to responsive verdicts, La.C.Cr.P. art. 803, and when those verdicts are supported by the evidence at trial, this statutory rule has constitutional underpinnings. State v. Henry, 449 So.2d 486, 489 (La. 1984)("`[D]ue process requires that a lesser included offense instruction be given only when the evidence warrants such instruction. The jury's discretion is thus channeled so that it may convict a defendant of any crime fairly supported by the evidence."`) (quoting Hopper v. Evans, 456 U.S. 605, 611, 102 S.Ct. 2049, 2053, 72 L.Ed.2d 367 (1982)). Nevertheless, in finding the trial court's error harmless in the present case, the court of appeal observed *922 that because of the overwhelming evidence of the charged crime, "no reasonable trier of fact could conclude that any of these three responsive verdicts could apply to the facts of this case." Johnson, 33,791 at 11, 771 So.2d at 806. We take this statement to require a test of prejudice similar to the one used by federal courts to determine whether a district court has committed reversible error under Fed. R.Crim.P. 31(c) by failing to charge jurors with regard to necessarily included offenses, i.e., that "the evidence at trial permits a jury to rationally find the defendant guilty of the lesser offense, yet acquit him of the greater." United States v. Lucien, 61 F.3d 366, 372 (5th Cir.1995); United States v. Baker, 985 F.2d 1248, 1258-59 (4th Cir.1993); United States v. Iron Shell, 633 F.2d 77, 88 (8th Cir.1980). Under the federal test, "[f]or the defendant to be entitled to a lesser-included offense, the proof on the element that differentiates the two offenses must be sufficiently in dispute to allow a jury consistently to find the defendant innocent of the greater and guilty of the lesser offense." Baker, 985 F.2d at 1258-59; see, e.g., Keeble v. United States, 412 U.S. 205, 213, 93 S.Ct. 1993, 1998, 36 L.Ed.2d 844 (1973)("[A]n intent to commit serious bodily injury is a necessary element of the crime with which petitioner was charged, but not of the crime of simple assault. Since the nature of petitioner's intent was very much in dispute at trial, the jury could rationally have convicted him of simple assault if that option had been presented."); United States v. Monger, 185 F.3d 574, 577 (6th Cir.1999)("[T]he element differentiating the two crimes, intent to distribute, is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser [offense of possession of cocaine]."). California follows a similar approach. See People v. Breverman, 19 Cal.4th 142, 77 Cal.Rptr.2d 870, 882, 960 P.2d 1094 (1998)(trial court must charge with respect to lesser included offenses only when "substantial evidence" exists from which rational jurors could conclude that the lesser offense, but not the greater, was committed).
However, as our decision in Porter plainly indicates, Louisiana follows a different course: though the jury's plenary power of compromise does not altogether preclude harmless-error analysis when a trial court has erred with respect to charging lesser and included offenses, it does place that analysis beyond a purely quantitative measure of the evidence presented at trial. Harmless-error analysis may apply in a case in which a trial judge inadvertently omits one or more responsive verdicts or lesser included offenses but includes others in its jury charge and the jury rejects a compromise by returning a verdict of guilty as charged. See, e.g., Henry, 449 So.2d at 489 (failure to charge the jury as to forcible rape in a prosecution for aggravated rape was harmless, in part because "[a]nother compromise verdict, simple rape, was available to the jury."); State v. Reese, 472 So.2d 76, 78 (La.App. 5th Cir.1985)("Here, Reese was convicted as charged. Had the jury been inclined to find him guilty of a lesser crime, for sympathy reasons or whatever, the options were there."); State v. Nolen, 461 So.2d 1073, 1079 (La.App. 5th Cir. 1984)(same). This approach has widespread application. See, e.g., Schad v. Arizona, 501 U.S. 624, 647, 111 S.Ct. 2491, 2505, 115 L.Ed.2d 555 (1991)(When capital jury was given the option of finding a lesser included noncapital offense of second degree murder, "[t]he central concern of Beck [v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) ]," that of eliminating distortion of the factfinding process by giving the jury an all-or-nothing choice, "is simply not implicated *923 in the present case, for petitioner's jury was not faced with an all-or-nothing choice between the offense of conviction... and innocence."); Geschwendt v. Ryan, 967 F.2d 877, 884 (3rd Cir. 1992)("Schad, of course, did not announce a new principle of law, for it was and is consistent with the great weight of state authority."); State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978)("[I]f a defendant is charged with offense `A' of which `B' is the next immediate lesser-included offense (one step removed) and `C' is the next below `B' (two steps removed), then when the jury is instructed on `B' yet still convicts the accused of `A' it is logical to assume that the panel would not have found him guilty only of `C' (that is, would have passed over `B'), so that the failure to instruct on `C' is harmless."); State v. Daniels, 40 P.3d 611, 620 (Utah 2002)("Where a jury is instructed on, and has the opportunity to convict a defendant of, a lesser included offense, but refuses to do so and instead convicts the defendant of a greater offense, failure to instruct the jury on another lesser included offense, particularly an offense that constitutes a lesser included offense of the lesser included offense that the jury was instructed on, is harmless error.").
However, in Louisiana, a trial judge has no authority to decide unilaterally that an instruction on lesser and included offenses is not necessary because overwhelming evidence exists to convict the defendant on the crime charged and reasonable jurors therefore could not rationally acquit on the greater offense but could convict on a lesser offense. The court has limited authority to exclude those statutory responsive verdicts provided for specific offenses by La.C.Cr.P. art. 814(A) only when those verdicts are not supported by the evidence in a particular case. La. C.Cr.P. art. 814(C); cf. Porter, 93-1106 at 9, 639 So.2d at 1142 (option of striking particular statutory responsive verdicts is "not designed to give trial courts and prosecutors the option to strike a lesser offense as a responsive verdict in order to prevent the jury from returning a compromise verdict... supported by the evidence, even if the evidence also supports a verdict of the charged offense."). Nor may a reviewing court sanction a similar result, when a trial court as in the present case erroneously concludes that the charged crime has no lesser included offenses, by applying a test of harmless error keyed to the weight of the evidence supporting the charged offense. As we underscored in Porter, Louisiana's system of responsive verdicts presupposes a jury's authority to compromise its verdict even in the face of overwhelming evidence of the charged crime.
In Louisiana, juries are sworn to render a verdict "according to the law and the evidence." La.C.Cr.P. art. 790. The jurisprudence has allowed jurors to return a lesser responsive verdict fully supported by the same evidence which would also demonstrate, beyond a reasonable doubt, that the charged crime occurred. In the present case, the trial court's decision to foreclose that opportunity had stark consequences for relator in terms of his sentencing exposure. It was otherwise clear that he had struck the deputy sheriff, but the difference between a misdemeanor and felony conviction, a decision which properly belonged solely within the prerogative of the jury, ultimately became the difference between six months in jail and life imprisonment at hard labor.
The decision of the court of appeal is therefore reversed, relator's conviction and sentence are vacated, and this case is remanded *924 to the district court for further proceedings consistent with the views expressed herein.
DECISION OF COURT OF APPEAL REVERSED; CONVICTION AND SENTENCE VACATED; CASE REMANDED.