JjMICHAEL E. KIRBY, Judge.
On August 11, 2003, the Orleans Parish Juvenile Court adjudicated B.B.[1] delinquent as a result of having committed the crime of second degree battery, a violation of La. R.S. 14:34.1, on March 1, 2003. B.B. was sentenced to two years of active probation. B.B. now appeals the adjudication and disposition.
On the evening of March 1, 2003, Ms. Donice Banks was walking with her boyfriend and her brother near Jena and South Liberty Streets when a man “stuck something” in her side and demanded her purse. The man then ran to a nearby group of people who proceeded to toss the purse around. Ms. Banks and her boyfriend and brother went to that area, and Ms. Banks retrieved her purse when it landed on the trunk of a car. As she walked away with her purse, someone struck her and she lost consciousness. She suffered a fractured jaw, which required surgery. Ms. Banks did not see who hit her, and she did not identify B.B. at trial as the man who stole her purse. Her brother, C.B., identified B.B. as the man who struck his sister, but he testified that B.B. was not the person who took his sister’s 1 ¡.purse. Ms. Banks’ boyfriend, Mr. *669 Gordon Brown, also testified that B.B. was the person who hit Ms. Banks. However, he could not positively identify B.B. as the person who took Ms. Banks’ purse.
In its petition, the State of Louisiana requested that B.B. be adjudicated delinquent for violating La. R.S. 14:64.4, “relative to aggravated robbery, to wit: Taking of anything of value, a purse and it’s [sic] contents, belonging to Donice Banks, when the offender intentionally inflicted serious bodily injury upon the victim, specifically a fractured jaw, on Saturday, March 1, 2003 at approximately 10:25 p.m. at Jena and S. Liberty in the Parish of Orleans.” The State did not amend its petition to charge B.B. with a violation of La. R.S. 14:34.1, second degree battery. Following trial, the trial court found B.B: hot guilty of the charge of aggravated robbery, but found him guilty of second degree battery.
On appeal, B.B. argues that the trial court erred in finding that second degree battery is a lesser and included offense of aggravated robbery, and in finding that the evidence was sufficient for an adjudication of delinquency based on a violation of La. R.S. 14:34.1.
B.B. was charged in the State’s petition with a violation of La. R.S. 14:64.4,[2]Vhich defines aggravated robbery as follows:
A. (1) Aggravated robbery is the taking of anything of value belonging to another from the person of .another or that is in the immediate control of another Lwhen the offender intentionally inflicts serious bodily injury.
(2) For purposes of this Section, “serious bodily injury” means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
La.C.Cr.P. article 814, which lists responsive verdicts for certain criminal offenses, does not include a list of verdicts responsive to aggravated robbery. La. C.Cr. P. article 815 states that in all cases not provided for in La.C.Cr.P. article 814, the responsive verdicts include guilty, not guilty or guilty of a lesser and included offense even though the offense charged is a felony, and the lesser offense is a misdemeanor. Lesser and included grades of a charged offense are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged, and, thus, evidence sufficient to support conviction of the greater offense will necessarily support conviction of the lesser and included offense. State v. Johnson, 2001-0006, p. 4 (La.5/31/02), 823 So.2d 917, 920. ,
In this case, the trial court adjudicated B.B. delinquent for committing second degree battery, which is defined in La. R.S. 14:34.1 as follows:
Second degree battery is a battery committed without the consent of the victim when the offender' intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the | ¿function of a bodily ' member, organ, or mental faculty, or a substantial risk of death.
We conclude that the trial court correctly found that second degree battery is a lesser and included offense of the offense of aggravated robbery. The intentional *670 infliction of serious bodily injury is an essential element of both offenses. We are not persuaded by B.B.’s argument that the absence of the word “battery” in the definition of aggravated robbery means that second degree battery cannot be a responsive verdict to a charge of aggravated robbery. The intentional infliction of serious bodily injury is a battery. Therefore, because the essential elements of the lesser offense of second degree battery are also essential elements of the greater offense charged, we find that B.B.’s argument that the trial court erred in finding second degree battery to be a responsive verdict to the charge of aggravated robbery is without merit.
B.B. also argues that the trial court erred in finding that the evidence at trial was sufficient to find him guilty beyond a reasonable doubt of second degree battery. The evidence showed that the victim in this case, Ms. Donice Banks, was struck as she walked away with her reclaimed purse, lost consciousness and suffered a fractured jaw that required surgery. Although Ms. Banks was unable to identify the person who struck her, both her brother and her boyfriend identified B.B. at trial as the person who struck Ms. Banks. The trial court found that testimony credible, and we find no abuse of discretion in the court’s credibility determinations. Viewing the case in the light most favorable to the prosecution, we conclude that the evidence was sufficient to convince a rational trier of fact that |ñall elements of the offense of second degree battery were proved beyond a reasonable doubt.
For the reasons stated above, the adjudication and disposition in this matter are affirmed.
AFFIRMED.

. Pursuant to Rules 5-1 and 5-2 of the Uniform Rules — Courts of Appeal, the initials of the juveniles involved in this matter will be used instead of their names.

. Acts 2004, No. 651, § 1 changed the name of the offense defined in La. R.S. 14:64.4 from aggravated robbery to second degree robbery. The definition of the crime did not change. At the time the petition in this matter was filed, the term aggravated robbery was still used in La. R.S. 14:64.4.