157 So.2d 459

STATE of Louisiana

v.

LeRoy BROWN.

No. 46665.

Nov. 12, 1963.

■■■■■■■■■■■■■■■■■■■■■

———◆———

John Makar, Natchitoches, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., George T. Anderson, Dist. Atty., Ronald C. Martin, Asst. Dist. Atty., for appellee.

HAWTHORNE, Justice.

Defendant LeRoy Brown, found guilty by a jury of theft of property having a value of $800.00, was sentenced to confinement in the state penitentiary at hard labor for three years. He has appealed.

For annulment of this verdict and sentence appellant relies in this court on one bill of exception, Bill No. 1. It is appellant's contention that he timely requested the judge, before the swearing of the first witness, to charge the jury in writing; that the judge refused this request, and that this refusal was reversible error. In support of this contention he cites Article 389 of the Louisiana Code of Criminal Procedure, which provides that "The judge shall deliver his charge in writing, whenever requested so to do either by the prosecution or the defense prior to the swearing of the first witness". Appellant

also cites numerous decisions of this court holding that the provisions of this article are mandatory, and that the refusal of the trial judge to make the charge in writing when timely requested is reversible error.

The trial judge in his per curiam to this bill informs us:

"Bill of exception No. 1 was taken when the Judge refused to charge the jury *immediately after selection and before the trial.* Article 333 of the Code of Criminal Procedure provides that the Judge shall charge the jury after trial and after argument. I know of no law that requires or even permits the Judge to charge the jury at any other time. *The charge was made in writing after argument of counsel and as provided in said Article 333."* (Italics ours.)

The minutes of the court disclose that "Counsel for defendant moves that the Jury be charged by the Court *before the evidence is adduced.* Motion overruled by the Court. Bill of Exception Number One reserved by defendant". (Italics ours.)

■ The trial judge properly refused to give the charge at the time requested by defendant-appellant, under the plain terms of Article 333 of the Code of Criminal Procedure which provides how the trial shall proceed after the jury is impanelled and the indictment read. Under this article

the judge is to give his charge after the argument of counsel. This the judge did in this case, and his charge was delivered in writing.

■ Article 389 of the Code of Criminal Procedure does not require the judge upon request to deliver his charge in writing at any stage of the trial, but is a mandate to him to deliver the charge in writing when the request to do so is made before the swearing of the first witness. Thus this article requires the judge, when timely requested, to deliver his charge in writing; but he should deliver it at the time prescribed by Article 333. That is to say, Article 389 sets the time for counsel to *request* the judge to give the charge in writing, and Article 333 fixes the time for the judge to *deliver* the charge (whether oral or written).

In the instant case the request was that the judge deliver his written charge to the jury before any evidence was adduced. The judge could not possibly have given the charge to the jury at that stage of the trial even if the law did not explicitly fix a later time for giving the charge, for at the time of the request he could not have known the law applicable to the particular case so as to charge the jury as required by Article 385 of the Code of Criminal Procedure.

The conviction and sentence are affirmed.