PER CURIAM:
|,Writ granted. The district court erred in granting the state’s pretrial motion to exclude a self-defense jury charge. The court shall charge the jury as to the law applicablé to the case.- La.C.Cr.P. art. 802. Furthermore, the time to charge the jury is “after the presentation of all evidence and arguments.”' La.C.Cr.P. art. 801(A); see also State v. Tarrance, 252 La. 396, 411-12, 211 So.2d 304, 310 (1968) (rejecting the proposition that counsel ought to be afforded a copy of the charge before closing remarks); State v. Brown, 245 La. 112, 114-15, 157 So.2d 459, 460-61 (1963) (finding the trial judge correctly refused to charge the jury before any evidence was adduced). While a party may request before the first witness is sworn that the court reduce its charge to writing, the court need only deliver that written charge to the defendant and the state prior to *1096 reading it to the jury. See La.C.Cr.P. art. 801(A). Considering that the availability vel non of a justification defense is a highly fact-intensive inquiry that will depend on the evidence presented at trial, the district court’s ruling is premature.
GUIDRY, J., would deny the writ application.
CLARK, J., would deny the writ application.
CRICHTON, J., would deny.