Judgment rendered December 17, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,623-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

ROY L. WIMBERLY, JR.                  Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 390,873

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPEALS AND WRIT SERVICE   Counsel for Appellant
By: Sherry Watters

JAMES E. STEWART, SR.                          Counsel for Appellee
District Attorney

FERNANDO GRIDER JR.
MARGARET R. GASKINS
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and ELLENDER, JJ.

**ELLENDER, J.**

Roy Wimberly was tried for fourth offense operating a vehicle while intoxicated; the jury returned a responsive verdict finding him guilty of a third offense. He was sentenced to five years at hard labor, the first year to be served without the benefit of probation, parole, or suspension of sentence; no fine was imposed due to his indigency. Wimberly appeals his conviction and sentence, claiming the trial court erroneously denied his motion to suppress statements made to the police, the evidence was insufficient to support his conviction, and the sentence imposed was constitutionally excessive. For the following reasons, we affirm.

## FACTS

On August 19, 2022, Shreveport Police Department ("SPD") Corporal Darryl Council was driving in the inside northbound lane of North Market Street in Shreveport when Wimberly, who was slightly ahead of him in the outside northbound lane, abruptly changed lanes and pulled in front of him. Cpl. Council immediately applied his brakes to prevent Wimberly's blue Honda Accord from sideswiping his police unit, and then pulled Wimberly over. Without being directed to do so, Wimberly exited his vehicle. Cpl. Council observed obvious signs of impairment, including Wimberly swaying while standing, having slurred speech, red and glossy eyes, and smelling strongly of alcohol. A horizontal gaze nystagmus ("HGN") test was administered at the scene, but the record does not reveal the results of that test because the state failed to ask Cpl. Council at trial how Wimberly performed. Wimberly said he drank beer a couple of hours prior to being stopped, but Cpl. Council could not recall whether he advised Wimberly of his *Miranda* rights before or after asking him if he had been drinking that

evening. Cpl. Council also said he activated his dash and body cameras at the time of the traffic stop, but the associated footage was unavailable.

Based on Cpl. Council's belief Wimberly was impaired, he was transported to the SPD intoxication room and given the opportunity to perform additional sobriety testing; he refused. This room was equipped with video surveillance, which showed him exhibiting behavior consistent with a person who had consumed an excessive amount of alcohol, including slurred speech, confrontational behavior toward Cpl. Council, and repeatedly asking what he did to be pulled over. The video also showed Cpl. Council administering Wimberly's *Miranda* rights for the second time, after which Wimberly again admitted to drinking beer earlier that evening. Cpl. Council stated he believed Wimberly was well aware of why he was stopped and why he had been brought to the intoxication room. Wimberly declined to take a breathalyzer or give a blood sample for testing; he was subsequently arrested and charged with fourth offense operating a vehicle while intoxicated.

**PROCEDURAL HISTORY**

Several motions to quash were filed prior to trial, both *pro se* and counseled, seeking to quash the original and amended bills of information. Within his many motions, Wimberly argued the original bill contained incorrect dates for his predicate offenses, he was prejudiced by the delay in correcting those dates, and the form for both bills was incorrect because he never received a copy of either bill signed by the district attorney's office. The trial court denied all motions to quash.

Wimberly also filed two *pro se* motions to suppress contesting the initial traffic stop as unconstitutional due to a lack of probable cause. Both

2

motions were set for hearing prior to trial, along with a free and voluntary hearing to determine the admissibility of Wimberly's statements. Cpl. Council testified he did read Wimberly his *Miranda* rights while on the roadside, but could not recall if he did so before or after Wimberly admitted to drinking beer earlier in the day. Cpl. Council also testified he did not threaten or coerce Wimberly into speaking with him, and he pointed out the surveillance from the intoxication room corroborated his testimony that he read Wimberly his *Miranda* rights prior to his second admission to drinking beer before being pulled over.

Though Cpl. Council testified his body and dash cameras were activated at the time of the traffic stop, the footage was unavailable to the state, and was not tendered to Wimberly or introduced at trial. When asked if he knew why this footage could not be found, Cpl. Council stated he did not know why, but the SPD was in the process of upgrading its camera equipment to ensure the safety of officers and citizens. Ultimately, the trial court found both of Wimberly's statements to Cpl. Council were freely and voluntarily given, and the motions to suppress were denied.

At trial, in addition to the testimony provided by Cpl. Council, SPD Corporal John Madjerick, an expert in fingerprint analysis, matched fingerprints taken from Wimberly in the instant case with fingerprints taken following his three prior convictions for operating a vehicle while intoxicated. During the course of the trial, but before the case was submitted to the jury, the state requested the court delete a portion of the jury instructions requiring the state to prove Wimberly's blood alcohol concentration ("BAC") was at least .08 g/% in order to convict as no evidence would be submitted to prove Wimberly's BAC because he refused

3

to submit to a breathalyzer. Counsel for Wimberly objected, but acknowledged La. R.S. 14:98, which details the elements required to prove a defendant operated a vehicle while intoxicated, did not require the state to prove a BAC of .08 g/% or higher in order to convict a defendant of that offense. The trial court granted the motion to delete the instruction.

The jury returned a responsive verdict of third offense operating a vehicle while intoxicated and Wimberly was ultimately sentenced to serve five years at hard labor, the first of which to be served without the benefit of probation, parole, or suspension of sentence; no fine was imposed due to Wimberly's indigency. Wimberly filed a motion to reconsider sentence pursuant to La. C. Cr. P. art. 881.1, arguing the sentence imposed was the maximum allowed under the law and reserved only for the worst offenders. No other grounds for reconsideration were offered, and the trial court denied the motion to reconsider. Wimberly now appeals his conviction and sentence, asserting three assignments of error.

## DISCUSSION

### *Admissibility of Wimberly's Statements*

Wimberly contends the trial court erred in failing to suppress the statements he made to Cpl. Council immediately following the traffic stop because the state failed to prove he was given *Miranda* warnings prior to being questioned. Wimberly also argues since the state could not produce video proving the first recitation of *Miranda* rights occurred prior to questioning, the second recitation of *Miranda* rights and the subsequent interview in the intoxication room was so tainted as to warrant the suppression of those statements. He believes the trial court should have found Cpl. Council's testimony was so lacking in credibility that it should

4

not have been considered. In the alternative, Wimberly argues because Cpl. Council described him as "incoherent" at the time of the traffic stop, his statement should have been suppressed as involuntary based on his apparent inability to understand what was occurring.

Before what purports to be a confession can be introduced in evidence, it must be affirmatively shown the statement was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. La. R.S. 15:451. If the statement is a product of custodial interrogation, the state must also show the defendant was advised before the questioning of his right to remain silent, that any statement he makes may be used against him, and that he has a right to either retained or appointed counsel. *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); *State v. Johnson*, 52,762 (La. App. 2 Cir. 8/14/19), 277 So. 3d 1263, *writ denied*, 19-01670 (La. 7/17/20), 298 So. 3d 176.

A trial court's finding as to the free and voluntary nature of a statement carries great weight and will not be disturbed unless not supported by the evidence. *State v. Benoit*, 440 So. 2d 129 (La. 1983); *State v. English*, 582 So. 2d 1358 (La. App. 2 Cir. 1991), *writ denied*, 584 So. 2d 1172 (La. 1991); *State v. Johnson*, *supra*. Credibility determinations lie within the sound discretion of the trial court and its rulings will not be disturbed unless clearly contrary to the evidence. *State v. Blank*, 04-204 (La. 4/11/07), 955 So. 2d 90, *cert. denied*, 552 U.S. 994, 128 S. Ct. 494, 169 L. Ed. 2d 346 (2007); *State v. Johnson*, *supra*. Likewise, the trial court is afforded great discretion in ruling on a motion to suppress, and its ruling will not be disturbed absent an abuse of that discretion. *State v. Lee*, 05-2098

(La. 1/16/08), 976 So. 2d 109, *cert denied*, 555 U.S. 824, 129 S. Ct. 143, 172 L. Ed. 2d 39 (2008); *State v. Montejo*, 06-1807 (La. 5/11/10), 40 So. 3d 952, *cert. denied*, 562 U.S. 1082, 131 S. Ct. 656, 178 L. Ed. 2d 513 (2010); *State v. Boswell*, 56,200 (La. App. 2 Cir. 4/9/25), 409 So. 3d 491, *writ denied*, 25-00523 (La. 9/24/25), 417 So. 3d 61.

The requirements set forth in La. R.S. 15:541 and *Miranda* are clear. No evidence was offered to show any of Wimberly's statements were made as a result of fear, duress, intimidation, menaces, threats, or inducements. However, when Cpl. Council could not affirmatively state he administered *Miranda* warnings prior to questioning Wimberly immediately following the traffic stop, *Miranda* required the trial court to deem that particular statement inadmissible. Because the state did not affirmatively show Wimberly's statement at the scene was made following a full advisal of his *Miranda* rights, we find the trial court's failure to exclude that statement constitutes an abuse of discretion. Our inquiry does not end with this determination.

We must now decide whether the abuse of discretion was so prejudicial to the outcome in Wimberly's case as to constitute reversible error. La. C. Cr. P. art. 921; *State v. Smith*, 54,489 (La. App. 2 Cir. 6/29/22), 342 So. 3d. A review of the record shows Wimberly admitted a second time to drinking beer after being given his *Miranda* warnings in the intoxication room. There is no support in the law or the record for Wimberly's claim the second set of *Miranda* warnings were somehow tainted or insufficient. As the second admission to drinking beer before driving his vehicle was made post-*Miranda*, it would be admissible. Because Wimberly's second

6

admission was properly deemed admissible, we find any error on the part of the trial court in admitting the first set of statements to be harmless.

Turning to Wimberly's alternative argument that he was too incoherent to understand the *Miranda* warnings given to him, there is simply no support for this assertion in the record. We note Cpl. Council testified Wimberly appeared to understand his *Miranda* rights and the reason for his detainment, and he was easily able to understand Wimberly's responses to his questions. Additionally, surveillance from the intoxication room shows Cpl. Council reading Wimberly his *Miranda* rights, and Wimberly appears to understand. No other evidence was presented to establish Wimberly was too intoxicated to understand his rights as they were explained to him.

This assignment of error lacks merit.

### *Sufficiency of the Evidence*

Wimberly argues since the bill of information alleged he was operating a vehicle while intoxicated and his BAC was over .08 g/%, the state was required to prove his BAC was at least .08 g/% in order to convict him. He claims the state presented no such evidence and, consequently, his conviction should be overturned. He also contends the trial court erred in granting the state's request to delete the portion of the jury instruction requiring the state to prove his BAC was at least .08 g/%. He suggests the instruction should have directed the jury to convict him only if the state could prove his BAC was at least .08 g/% because the state alleged his intoxication would be proven this way on the bill of information. Wimberly also contends when the state failed to provide dash camera and body camera footage in this case, a presumption arose that the missing surveillance would not have aided the state's case. Wimberly argues because of the

7

presumption, Cpl. Council's testimony, as it was not corroborated, should have been discarded as not credible, resulting in a verdict of not guilty.

The standard of review for a sufficiency claim is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *State v. Ramsey*, 55,491 (La. App. 2 Cir. 2/28/24), 381 So. 3d 308, *writ denied*, 24-00379 (La. 10/1/24), 393 So. 3d 865. The *Jackson* standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. *State v. Middleton*, 55,634 (La. App. 2 Cir. 5/22/24), 386 So. 3d 1283, *writ denied*, 24-00822 (La. 2/19/25), 400 So. 3d 926. The appellate court does not assess the credibility of witnesses or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *Middleton*, *supra*; *State v. Bass*, 51,411 (La. App. 2 Cir. 6/21/17), 223 So. 3d 1242, *writ not cons.*, 18-0296 (La. 4/16/18), 239 So. 3d 830. On appeal, a reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. *State v. Ramsey*, *supra*.

The crime of operating a vehicle while intoxicated requires the state prove the defendant was operating a motor vehicle when any of the following conditions existed: the operator is under the influence of alcoholic beverages; the operator's BAC is 0.08 g/% or more; the operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964; *or* the operator is under the influence of a combination of alcohol and one or more drugs that are not controlled

8

dangerous substances and that are legally obtainable with or without a prescription. La. R.S. 14:98(A).

Wimberly argues on appeal the instruction should have informed the jury it could convict him only if the state could prove his BAC was at least .08 g/% because the state alleged his intoxication would be proven this way on the bill of information. However, the transcript of Wimberly's objection to the contested portion of the jury instruction showed that, as is customary, after both parties rested but prior to closing arguments, Wimberly and the state had the opportunity to request certain jury instructions or object to them. While Wimberly's counsel did object to the removal of the contested portion, the basis of the objection, though not entirely clear, did not appear to be based on the erroneous recitation of the elements of operating a vehicle while intoxicated.

Even if the objection at trial was sufficient, it would not alter our ruling. The law does not require the state to prove an elevated BAC of at least .08 g/% to prove the offense, and there is no support in the record for any claims the amended bill failed to give Wimberly notice of the charges against him or failed to set forth any identifiable offense. The record indicates Wimberly and his counsel were well aware he was being charged with fourth offense operating a vehicle while intoxicated; they were also aware the state was not required to prove Wimberly's BAC to obtain a conviction. Additionally, both parties were aware the state would not be introducing evidence of Wimberly's BAC because he did not submit to a breathalyzer or to providing a blood sample for testing. When asked if he could provide any cases in support of his request to leave in the contested

9

portion of the jury instruction, Wimberly's counsel stated he had no case law to support his request, and we have found none.

The trial court is obligated to instruct the jury as to the law applicable to the case. La. C. Cr. P. art. 802(1). Further, the time to charge the jury is after the presentation of all evidence and arguments. La. C. Cr. P. art. 801(A); *State v. Payton*, 17-0489 (La. 5/19/17), 219 So. 3d 1095. While either party can make written requests pertaining to jury instructions at any time, the trial court is not required to provide any instructions to the parties until just before it gives the same to the jury. *Id*. On review, a jury charge must be considered as a whole, and particular expressions in a charge must be construed in context of the entire charge. *State v. Shaw*, 27,892 (La. App. 2 Cir. 4/3/96), 672 So. 2d 237, *citing State v. Smith*, 637 So. 2d 398 (La. 1994). A conviction will not be reversed on the ground of an erroneous charge unless the disputed portion, when considered in connection with the remainder of the charge, is erroneous and prejudicial. *Id*. As the court is prohibited from misleading the jury as to the applicable law under which a defendant is charged, we cannot say the trial court abused its discretion when it granted the state's request to remove that portion of the jury instruction. The instruction given was an accurate representation of the applicable law.

We now turn to Wimberly's claim a presumption attached when the state failed to tender dash and body camera footage of the traffic stop. He contends the state's failure to preserve this footage entitled him to a presumption it would not have aided the state in proving its case. However, whether a presumption arose because the state was unable to provide the dash and body camera footage is immaterial; Wimberly's second admission

10

to drinking beer before driving was made post-*Miranda* and appropriately deemed admissible, and the surveillance of Wimberly in the intoxication room more than supports Cpl. Council's decision to arrest Wimberly. The jury's decision to accept Cpl. Council's testimony as credible was well within its purview, and based on the record before us, we see no reason to disturb that determination.

Ultimately, we find sufficient evidence was presented to support the conviction. Cpl. Council testified Wimberly nearly side swiped his police unit when he abruptly changed lanes in front of him, and he had to brake to avoid a collision. Cpl. Council immediately conducted a traffic stop and observed Wimberly swaying while standing, detected a strong smell of alcohol, and noted his speech was slurred and his eyes were red and glassy. While the body and dash camera footage of the traffic stop was unavailable, the video footage of Wimberly in the intoxication room shows him behaving in a belligerent manner and repeatedly asking Cpl. Council why he was pulled over. Wimberly's speech sounds slurred throughout the video, and post-*Miranda*, Wimberly tells Cpl. Council he drank beer earlier that evening before he was pulled over. Sgt. Madjerick matched the fingerprints taken from Wimberly in the instant case to those taken following his three prior convictions for operating a vehicle while intoxicated. We can only speculate as to why Wimberly was convicted as a third offender, when this record contains sufficient evidence to support three predicate offenses. However, the jury was free to return any responsive verdict, even if the evidence supported the greater charge. *State v. Johnson*, 01-0006 (La. 5/31/02), 823 So. 2d 917.

11

There was sufficient evidence offered to support the jury's verdict, and we find no merit to any portion of this assignment of error.

### *Excessive Sentence*

Wimberly contends the trial court abused its discretion in imposing the maximum sentence of five years at hard labor. He claims the sentence is constitutionally excessive and argues maximum sentences are reserved for the worst offenders, which he contends he cannot be because there was no traffic accident, property damage, or personal injury as a result of his conduct, and the state did not prove his level of intoxication. He also argues the trial court failed to consider all aggravating and mitigating factors as required by La. C. Cr. P. art. 894.1, and failed to describe factors to justify imposing the maximum sentence. Finally, Wimberly contends the trial court improperly considered one of his prior convictions for operating a vehicle while intoxicated, and suggests because the predicate offenses were required to prove his guilt, they could not then be considered as aggravating factors under La. C. Cr. P. art. 894.1.

Appellate review of sentences for excessiveness is a two-pronged inquiry. *State v. Caldwell*, 56,269 (La. App. 2 Cir. 5/21/25), 411 So. 3d 934; *State v. Benavides*, 54,265 (La. App. 2 Cir. 3/9/22), 336 So. 3d 114. First, the record must show the court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects it adequately considered the guidelines. *Id*. No sentencing factor is accorded greater weight by statute than any other factor. *Id*.

The second prong is constitutional excessiveness. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of

pain and suffering. *Id.* A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. *Id.*

As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So. 2d 665; *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7. However, the trial court has wide discretion in the imposition of sentences within statutory limits, and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). On review, an appellate court does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *State v. Williams, supra.* Because a trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, he is given broad discretion in sentencing. *State v. Williams*, 56,184 (La. App. 2 Cir. 2/26/25), 409 So. 3d 306, *writ denied*, 25-00372 (La. 5/20/25), 409 So. 3d 218.

Following conviction for a third offense violation of R.S. 14:98, the offender shall be imprisoned, with or without hard labor, for not less than one year nor more than five years. At least one year of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. La. R.S. 14:98.3(A)(1).

While we believe Wimberly did not preserve any arguments pertaining to the trial court's consideration of all factors set out in La. C. Cr. P. art. 894.1 when he failed to raise this in his motion to reconsider,

13

nonetheless, a review of the record reveals the trial court considered both aggravating and mitigating factors as required by La. C. Cr. P. art. 894.1.

Wimberly argues that since he was only found guilty of driving while intoxicated as a third offender, as opposed to a fourth offender as he was charged, the trial court should not have been able to consider one of his prior convictions in sentencing. Additionally, since his other two prior offenses were used as an element of his conviction, Wimberly argues they can't be used as aggravating factors. There is no support for these arguments in the law. The trial court is able to take into consideration at sentencing all prior criminal behavior of the defendant, even when the prior criminal behavior was an element of the instant offense. *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307; *State v. Tyler*, 50,224 (La. App. 2 Cir. 11/18/15), 182 So. 3d 1029. Additionally, there is nothing prohibiting a sentencing court from considering predicate offenses of a similar nature as aggravating factors, even in a case like this one where the jury chose to convict Wimberly of only a third offense when the evidence supported a fourth.

Considering Wimberly habitually drives his vehicle while under the influence of alcohol, with the instant case involving him nearly sideswiping a police unit, we cannot say the five-year sentence imposed shocks our sense of justice or constitutes an abuse of discretion by the trial court. Additionally, Wimberly received a tremendous benefit in only being convicted of a third offense, when the record contains sufficient evidence to support his conviction for a fourth offense, which would have subjected him to a mandatory minimum ten year sentence.

This assignment of error lacks merit.

***Error Patent***

While the trial court made Wimberly aware of his right to post conviction relief and directed him to the appropriate code article, Wimberly was not specifically informed he had only two years from the date upon which his conviction and sentence become final to file any applications for post conviction relief ("PCR"). Though the trial court was required under La. C. Cr. P. art. 930.8(C) to inform the defendant of the limitations period for filing an application for PCR, the language is supplicatory and does not give an enforceable right to an individual defendant; the failure to advise a defendant of these rights is not grounds to vacate the sentence and remand for resentencing. *State v. McKnight*, 56,309 (La. App. 2 Cir. 7/16/25), 416 So. 3d 891; *State v. Patterson*, 51,559 (La. App. 2 Cir. 9/27/17), 244 So. 3d 733; *State v. Williams*, 34,936 (La. App. 2 Cir. 9/26/01), 795 So. 2d 1221.

Accordingly, we hereby advise the defendant that no application for post conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under La. C. Cr. P. arts. 914 or 922.

**CONCLUSION**

Roy Wimberly's conviction and sentence are affirmed.

**AFFIRMED.**